Albert LACY, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–92–00051–CR.

Court of Appeals of Texas, Tyler.

Feb. 23, 1994.

Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.-01(10) to (12), 1989 Tex.Gen.Laws 1, 114.

**4**

Randy Gilbert, Tyler, for appellant.

Amy Blalock, Tyler, for appellee.

PER CURIAM.

Appellant pleaded guilty to the to the felony offense of driving while intoxicated. The court assessed a $2,000 fine and sentenced Appellant to five years' imprisonment. Imposition of sentence was then suspended, and Appellant was placed on probation for five years. Appellant now challenges one of the conditions of probation on appeal. We will **affirm.**

As his sole point of error, Appellant asserts that the trial court abused its discretion by imposing an unreasonable and illegal condition of probation upon him. Under the general terms and conditions of probation set by the court, Appellant was ordered in condition number "5" to: "Stay out of all bars, taverns, lounges or similar places." At the time of the Open Plea Hearing on January 6, 1992, the trial court stated that it would place Appellant under home arrest, but stated that he could have work release. Thereafter, the following exchange took place regarding condition number "5":

APPELLANT: I work at night.

THE COURT: That's fine. I'm going to have some set hours, but I will allow him to work on a work release during the time he is working, transportation time to and from work.

APPELLANT'S COUNSEL: At his club, your Honor?

THE COURT: He's not working at a club.

APPELLANT'S COUNSEL: Your Honor, it's a family-owned business. You're

pauperizing him, your Honor. It's been his family business for years.

APPELLANT: I won't be able to do nothing.

THE COURT: He is not working at the Esquire Club. You don't know how many cases I sit here in this Court—how many cases that I sit here and listen to problems—there's one thing that's just incredible, and the theme is the Esquire Club. I can pull out a stack this high of presentence investigation—and I'm not exaggerating—where there is assault and drug dealing and DWI's and shooting of guns and—incredible. And the common theme is the Esquire Club.

He is not working at the Esquire Club on my probation. That place, in my opinion, based upon what I've seen in this Court, is not a place where a felony probationer should be allowed, and he will not be allowed as a condition of probation. He can argue with me all he wants, but he's not working at the Esquire Club.

The trial court then continued the proceedings until January 10, 1992, at which time Appellant reopened testimony regarding the need for removal of condition number "5" from his probation. Both Appellant and his wife testified that Appellant needed to continue his employment at the Esquire Club in order to meet living expenses. Appellant further testified that he was 58 years of age, and a diabetic. He further stated that he would be unable to procure alternative employment if prohibited from working at the Esquire Club. After the close of Appellant's evidence, the State declined to introduce testimony, but both parties presented closing arguments. Thereafter, the trial court denied Appellant's request to remove the complained of restriction, but it granted Appellant permission to appeal that issue.

On appeal, Appellant argues that the condition imposed by the trial court was not one specifically authorized under TEX.CODE CRIM. PROC.ANN. art. 42.12, § 11 (Vernon Supp. 1992).[1] Appellant further cites a variety of

---

1. All further section number references shall be to this edition of art. 42.12 of the TEXAS CODE OF

CRIMINAL PROCEDURE unless otherwise specified.

authorities for the proposition that the terms and conditions of probation must be reasonable and bear a reasonable relationship to the treatment of the accused and the protection of the public. While we agree with both of these assertions, we disagree with Appellant's argument that because there was no evidence to show that Appellant's arrest and conviction stemmed from his conduct at the Esquire Club, the trial court abused its discretion in imposing the restriction.

■ Article 42.12, section 11 sets for the basic conditions of probation, and subsection (a) provides in relevant part:

The court having jurisdiction of the case shall determine the terms and conditions of probation and may, at any time, during the period of probation alter or modify the conditions ... Terms and conditions of probation may include, but shall not be limited to, the conditions ... [set forth in subsection (a).]

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(a) (emphasis added). Since condition "5" is not automatically invalidated because it is not specifically listed in section 11(a), we must determine the reasonableness of the condition imposed. A condition of probation is invalid if it has *all three* of the following characteristics:

(1) it has no relationship to the crime;

(2) it relates to conduct that is not in itself criminal; and

(3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation.

*Simpson v. State,* 772 S.W.2d 276, 280–81 (Tex.App.—Amarillo 1989, no pet.); *Crabb v. State,* 754 S.W.2d 742, 745 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), *cert. denied,* 493 U.S. 815, 110 S.Ct. 65, 107 L.Ed.2d 32 (1989).

■ While going to a bar, club or tavern is not in and of itself a crime, condition "5" does have both a reasonable relationship to the crime and to Appellant's "future criminality." For obvious reasons, the avoidance of places where alcohol is sold or consumed does relate to the offense of D.W.I. Furthermore, the condition complained of is reasonably related to the future criminality of Appellant. Despite Appellant's claims of abstinence from alcohol, the record reveals that Appellant has had three previous convictions for driving while intoxicated. Thus, prohibiting Appellant's presence at places where alcohol is sold or consumed will make it less likely that in the future, Appellant will drive while intoxicated.

Moreover, since in the instant case Appellant had been working nightly at a club where liquor was sold, this condition has even more applicability to the offense of D.W.I. and to future criminality. Accordingly, the inclusion of condition "5" in the terms and conditions of Appellant's probation was not unreasonable. Appellant's sole point of error is overruled. The judgment of the trial court is AFFIRMED.