Smallwood v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-438-CR

TANYA ELIZABETH SMALLWOOD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

OPINION

------------

Tanya Elizabeth Smallwood appeals from her conviction for harassment.  In four points, she contends that the evidence is legally and factually insufficient to support her conviction and that the trial court abused its discretion when it imposed the conditions of her probation.  We will affirm.

Appellant and Jon Grant divorced in July of 1998.  In August of 1998, Jon married his current wife, Barbara.  Throughout their marriage, Barbara Grant has experienced problems with appellant.  Barbara testified that when appellant would call their residence, appellant was rude, inconsiderate, and often used foul language.  Because of this, the Grants installed a second telephone line in their home.  This line allowed appellant to telephone the children without speaking to Barbara.  Although the Grants asked appellant to use this line whenever she phoned the children, appellant refused to do so.  Instead, she persisted in calling their main number. 

On June 15, 2000, the children were at their father’s house for summer visitation.  While the Grants and the children were in the back yard, they heard a commotion in front of the house.  When they looked out, they saw appellant at the front door kicking and banging on the door.  Appellant then proceeded to get into her car and honk the horn.  The Grants phoned the police.  When the officer arrived, they asked him to issue appellant a trespass warning.  After receiving the warning, appellant left the residence. 

The next morning, appellant called the Grants’ main telephone number at 7:28 a.m.  The Grants were asleep at the time of the call.  Barbara answered the phone, told appellant not to call their main number, and hung up the phone.  Appellant called back two more times that morning within a two-minute interval.  Later that evening, appellant called the main line four more times ranting and using foul language.  Barbara stated that she considered the calls to be harassing. 

In her first two points, appellant contends that the evidence is legally and factually insufficient to show that she intended to harass or annoy the victim.  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

To support a conviction for telephone harassment under
 
section 42.07 of the penal code, the State must prove beyond a reasonable doubt that appellant had the intent to harass, annoy, alarm, abuse, torment, or embarrass the complainant when she caused the complainant’s telephone to ring repeatedly.  
Tex. Penal Code Ann
. § 42.07(a)(4) (Vernon 2003).  The act of making repeated telephone calls is not, by its nature, criminal, nor is it a criminal act merely because of the circumstances during which it is conducted.  
A defendant is criminally responsible for the crime of telephone harassment only when she intended or consciously desired the result of harassing or annoying her victim. 
Blount v. State
, 961 S.W.2d 282, 284 (Tex. App.—Houston [1
st
 Dist.] 1997, pet. ref’d)
.  Direct evidence of this intent is not required; a jury may infer intent from any facts which tend to prove its existence, including the acts, words, and conduct of the accused, and the method of committing the crime.  
Id
.; 
see Hart v. State
, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); 
Manrique v. State
, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring).  

Upon reviewing the record in this case, we hold that the evidence is legally and factually sufficient to show that appellant intended to harass or annoy Barbara by making repeated telephone calls to her main line. The evidence shows that appellant placed at least seven phone calls to Barbara on June 16.  Although Barbara told appellant to call on the children’s line, appellant continued to call the main number.  During the phone calls, appellant was ranting and using foul language.  Barbara testified that the phone calls were harassing. 

Appellant concedes that she made repeated calls to Barbara’s main line, but contends that she only did so because the Grants would not allow her to speak to her children.  However, we find no evidence in the record to support this contention.  Appellant knew that the Grants had installed a second phone line so that she could communicate with the children directly.  Appellant’s telephone records show that she placed only two calls to the children’s line on the date of the offense, and there is nothing in the record indicating that the children’s line was busy or unavailable at the time appellant made any of the calls that are the basis of the offense.  

Appellant also argues that the evidence is insufficient because Barbara’s testimony contains internal inconsistencies and is inconsistent with Jon’s testimony.  Specifically, appellant contends that Barbara and Jon’s testimony that Barbara told appellant to call on the children’s line conflicts with Barbara’s testimony that she merely hung up on appellant.  These two statements, however, are not necessarily mutually exclusive.  A rational juror could have interpreted Barbara’s testimony to mean that she hung up on appellant after telling her to call the children’s line.  Using this interpretation, Barbara’s testimony was not inconsistent. Accordingly, we overrule appellant’s first and second points.  

In her third point, appellant contends that the evidence is legally insufficient to prove her identity.  When a defendant contests the identity element of the offense, we are mindful that identity may be proven by direct evidence, circumstantial evidence, or even inferences.
  Roberson v. State
, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref’d).  Although a direct in-court identification is the preferred procedure, where the circumstances do not indicate the likelihood of confusion, that type of identification is not required.  
Hime v. State
, 998 S.W.2d 893, 896 (Tex. App.—Houston [14
th
 Dist.] 1999, pet. ref’d).  If there is no in-court identification of the perpetrator’s identity elicited from trial witnesses, no formalized procedure is required for the State to prove the identity of the accused.  
Clark v. State
, 47 S.W.3d 211, 214 (Tex. App.—Beaumont 2001, no pet.).  The sufficiency of the evidence is then determined from the cumulative effect of all the evidence; each fact in isolation need not establish the guilt of the accused.  
See Alexander v. State
, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).   

Although there was no in-court identification of appellant as the person who repeatedly called Barbara and no testimony specifically identifying appellant as the same Tanya Smallwood whose telephone records were introduced into evidence, Barbara referred to appellant by name throughout her testimony.  Jon and Barbara also referred to appellant as the “defendant.”  There was no other “defendant” on trial, and nothing in the record suggests that anyone was confused about the identity of the person referred to by the witnesses.  
See Hime
, 998 S.W.2d at 896 (holding that in-court identification is not required when circumstances do not indicate likelihood of confusion); 
see also Purkey v. State
, 656 S.W.2d 519, 520 (Tex. App.—Beaumont 1983, pet. ref’d) (holding that identification of a defendant by name only is sufficient to establish appellant’s identity).

Further, the telephone records of Tanya Smallwood setting forth the date and time of the calls to the Grants’ main telephone number were introduced by both the State and the defense.  During defense counsel’s cross-examination of Jon, counsel handed him appellant’s telephone records and said, “[T]his is her billing thing -- can you tell me how many times she would have called your number on that date[?]”  Based on this exchange, we conclude that the telephone records were sufficiently identified as being those of appellant.  Therefore, we hold that the evidence is legally sufficient to identify appellant as the perpetrator of the offense.  Appellant’s third point is overruled.  

In her fourth point, appellant complains that the trial court abused its discretion by ordering her not to call the Grants’ main telephone line unless there is an emergency as a term of her community supervision.  She contends that the trial court’s order is in direct conflict with the divorce decree, which allows “[t]he conservator not in possession of the children” to be allowed reasonable telephone access to the children.  Appellant claims that the judge presiding over the divorce case is the only judge with the authority to limit her ability to contact the children. 

A trial court has broad discretion in imposing conditions of community supervision.  
Tex. Code Crim. Proc. Ann
. art. 42.12, § 11(a) (Vernon Supp. 2003).  The conditions, however, must be reasonable and must be designed to “protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant.”  
Id.
; 
Speth v. State
, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1088 (2000).  A specific condition of probation will be found to be invalid only when it embraces all of the following characteristics:  (1) it has no relationship to the crime, (2) it relates to conduct that is not in itself criminal, and (3) it forbids or requires conduct that is not reasonably related to future criminality of the defendant or does not serve the statutory ends of probation.  
Richardson v. State
, 957 S.W.2d 854, 858 (Tex. App.—Tyler 1997, pet. ref’d); 
Lacy v. State
, 875 S.W.2d 3, 5 (Tex. App.—Tyler 1994, pet. ref’d).  

Here, it is clear that the trial court did not abuse its discretion by simply ordering appellant not to call the Grants’ main telephone line.  Restricting appellant’s phone calls to the children’s line and the Grants’ cellular phone has a reasonable relationship to the crime and to appellant’s future criminality.  Moreover, the trial court’s order does not, as appellant contends, conflict with the divorce decree by interfering with her access to her children.  Under the order, appellant is still permitted to call her children on their line and on the Grants’ cellular phone.  Accordingly, we overrule appellant’s fourth point. 

Having overruled each of appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: August 21, 2003