Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


**OPINION**

No. 04-08-00353-CR

Adrian Luis **BRISEÑO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2005-CRS-000704-D4
Honorable O.J. Hale, Jr., Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:    May 20, 2009

AFFIRMED

Appellant Adrian Luis Briseño was convicted by a jury of sexual assault, despite his

consent defense, and assessed a term of ten years in the Institutional Division of the Texas

Department of Criminal Justice.  Briseño's sentence was suspended and probated, and he was

placed on community supervision subject to his compliance with certain conditions.  On appeal,

Briseño argues that (1) the evidence showing that the admitted sexual relations were without the

victim's consent was legally insufficient to prove his guilt beyond a reasonable doubt and (2) the community supervision conditions imposed by the trial court are invalid. We affirm the judgment of the trial court.

### FACTUAL BACKGROUND

"Lettie,"[1] Briseño's victim, entered the United States illegally in 2003 with her minor children. To support her family, Lettie cleaned houses. On about May 3, 2005, she began a new job as a dishwasher at Briseño's restaurant; Lettie also agreed to clean Briseño's house. On May 5th, Briseño's wife picked up Lettie to clean the Briseños' house and took Lettie back home afterwards. On May 10th, Briseño picked up Lettie from her home and drove her to his house to clean it. As they were entering the house, Briseño assured Lettie that his wife was at home, though she was not, and told Lettie to start cleaning. At trial, Briseño and Lettie both testified that, once inside the house, Briseño and Lettie had sexual relations. Briseño insisted their interaction was consensual, but Lettie testified she did not give her consent and Briseño raped her.

### SUFFICIENCY OF EVIDENCE ON CONSENT

In his first issue, Briseño argues that the State's evidence—showing that his sexual encounter with the victim was without her consent—is legally insufficient.

### A. Standard of Review

When reviewing an assertion of legal insufficiency, we examine "the evidence in the light most favorable to the prosecution" and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Sells v. State*, 121 S.W.3d 748, 754–55 (Tex. Crim. App. 2003). We do not substitute our judgment for that of the jury. *Hardy v. State*, 246 S.W.3d 290, 295

---

[1] At trial, the victim was referred to as "Lettie" to protect her identity.

(Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). "The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc); *accord* TEX. CODE CRIM. PROC. art. 38.04 (Vernon 1979). Further, we resolve any inconsistencies in witness testimony in favor of the verdict. *Johnson v. State,* 815 S.W.2d 707, 712 (Tex. Crim. App. 1991).

## B. Sexual Assault

Sexual assault occurs "if the [defendant] . . . intentionally or knowingly . . . causes the penetration of the . . . sexual organ of another person by any means, without that person's consent." TEX. PENAL CODE ANN. § 22.011(a) (Vernon 2003). If "the actor compels the other person to submit or participate by the use of physical force or violence," then the act is without the victim's consent. *Id.* § 22.011(b)(1). The "complainant's testimony alone is sufficient to support" a conviction. *Tinker v. State*, 148 S.W.3d 666, 669 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (Vernon 2005) (allowing a conviction for sexual assault based on the victim's uncorroborated testimony if the victim tells another person within one year of the incident).

## C. Analysis

In this case, Briseño argues that no rational jury could have considered the evidence, particularly the inconsistencies in Lettie's testimony, and found beyond a reasonable doubt that he acted without her consent. To prove Briseño acted without Lettie's consent, the State offered witness testimony and physical evidence.

3

The jury heard Lettie testify that she did not consent to having sex with Briseño and how she desperately resisted his advances. She pushed him away and ran from him when he first touched her, screamed, struggled to prevent him from removing her clothes, slapped his face, and kicked as he carried her into the bedroom. Despite being dazed when she struck her head as he threw her onto the bed, she covered her mouth to avoid being kissed, told him to "leave her in peace," and resisted his attempts to force her legs apart. The jury also heard testimony on Lettie's emotional state after the assault. Officer Lopez, who interviewed Lettie, testified that she began to cry as she described Briseño's assault. Lettie's friend, Rosa Ochoa, testified that Lettie was emotionally injured. Rosa's lay-opinion testimony was consistent with that of Sara Thompson, a licensed professional counselor, who testified that she counseled Lettie for about two and one-half months after the assault.

The State also presented physical evidence supporting Lettie's testimony that she did not consent. Three days after the assault, Lettie was examined at Laredo Medical Center. She complained of injury to her neck and genitals which she attributed to an event three days prior at her "boss's house." The attending physician wrote his impression of Lettie's condition in the medical records: "Vaginal bruise, Vaginitis. Alleged rape."

In response, Briseño testified that Lettie first consented to sex for money, but afterwards demanded more money from him or she would tell the police he raped her. Briseño's counsel cross-examined Lettie and attacked her credibility by emphasizing inconsistencies in her accounts of the events.

After hearing the conflicting witness testimony and considering the evidence, the jury found Briseño acted without Lettie's consent. We hold, based on our review of "the evidence in the light most favorable to the prosecution," that a rational jury could find beyond a reasonable

doubt that Lettie did not consent and Briseño committed sexual assault. *See Jackson*, 443 U.S. at 319; *Sells*, 121 S.W.3d at 754–55.

## COMMUNITY SUPERVISION CONDITIONS

In his second issue, Briseño argues that some of his court imposed community supervision conditions are invalid because they are not reasonably related to the crime, are too vague, or are "constitutionally infirm."

### A. Standard of Review

We review the community supervision conditions imposed by the trial court under an abuse of discretion standard. *Tamez v. State*, 534 S.W.2d 686, 690–93 (Tex. Crim. App. 1976); *LeBlanc v. State*, 908 S.W.2d 573, 574 (Tex. App.—Fort Worth 1995, no pet.).

### B. Discretion in Community Supervision Conditions

Texas law gives a trial court "broad discretion" in creating community supervision conditions. *Butler v. State*, 189 S.W.3d 299, 303 (Tex. Crim. App. 2006); *Barton v. State*, 21 S.W.3d 287, 288–89 (Tex. Crim. App. 2000). Specifically, "[t]he judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX. CODE CRIM. PROC. ANN. art 42.12(11)(a) (Vernon 2006); *accord Barton*, 21 S.W.3d at 289. But the court's discretion is limited. *See Barton*, 21 S.W.3d at 289 (listing some invalid conditions); *Tamez*, 534 S.W.2d at 692 (stating, particularly for conditions infringing on Fourth Amendment rights, a probationer's "expectations [of privacy] may be diminished only to the extent necessary for his reformation and rehabilitation"). If a trial court imposes an invalid condition, an appellate court may delete it from the trial court's judgment. *Barton*, 21 S.W.3d at 289.

> A condition of probation is invalid if it has *all three* of the following characteristics:

(1) it has no relationship to the crime;

(2) it relates to conduct that is not in itself criminal; and

(3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation.

*Lacy v. State*, 875 S.W.2d 3, 5 (Tex. App.—Tyler 1994, pet. ref'd) (citations omitted); *accord Marcum v. State*, 983 S.W.2d 762, 768 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). A community supervision "condition is not necessarily invalid simply because it affects [the defendant's] ability to exercise constitutionally protected rights." *Lee v. State*, 952 S.W.2d 894, 900 (Tex. App.—Dallas 1997, no pet.) (en banc). A condition that is "reasonably related to the purposes of probation" is permissible. *Id.* "Reasonably related" hinges on three factors: "(1) the purposes sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement." *Macias v. State*, 649 S.W.2d 150, 152 (Tex. App.—El Paso 1983, no pet.) (quoting *United States v. Tonry*, 605 F.2d 144, 150 (5th Cir. 1979), *abrogation on other grounds recognized by United States v. Tex. Tech Univ.*, 171 F.3d 279, 287 (5th Cir. 1999)); *accord Lee*, 952 S.W.2d at 900.

**C. Analysis**

Here, Briseño complains that conditions 6B, 7, and 27H–K, N are not reasonably related to the purposes of probation and are invalid.[2] The conditions imposed by the court to which Briseño objects are:

6. B. Consent to search of your person, or residence, or of any vehicle in which you are operating at any time by your Supervision Officer without prior notice or search warrant, to determine if you are in compliance

---

[2] On appeal, Briseño has briefed and argued only some of the conditions to which he objected before the trial court. Briseño's objections to those conditions not properly briefed are waived. *See* TEX. R. APP. P. 38.1(h) (requiring argument and authorities); *Roise v. State*, 7 S.W.3d 225, 232 (Tex. App.—Austin 1999, pet. ref'd) (waiving a point of error not supported by argument or authorities); *Lee v. State*, 952 S.W.2d 894, 898 (Tex. App.—Dallas 1997, no pet.) (en banc).

6

> with the Conditions of Community Supervision. Any contraband found to be in your possession is subject to confiscation.

7. Remain within Webb County, Texas, unless permitted in writing to depart by the Court or by the Supervision Officer.

27. H. Not enter the premises or act as an employee or volunteer at any place or activity where minor children under the age of seventeen (17) are gathered or known to congregate. . . .

I. Have no direct contact with or enter onto the premises where the victim or ANY minor children, including your own children, or stepchildren reside or are present [without prior permission]. . . .

J. Not reside or go within 1,000 feet of any school, day care center, or other area where children congregate [without prior permission].

K. Do not reside, or attempt to reside, in a household where minor children live without the approval of the Court.

N. Notify third parties of possible risks resulting [from] your criminal record, personal history or characteristics. You will also permit your Supervision Officer to make such notification and to confirm your compliance with such notification requirements.

In response to Briseño's timely objections, the trial court amended some of the conditions. The court disallowed condition 6B searches of Briseño's residence or vehicle between the hours of midnight and 6:00 a.m. but otherwise left the condition in effect. The court modified condition 7 to permit Briseño to continue to travel outside the county to "celebrations, fairs or festivities" to sell food for his restaurant business. The court revised condition 27's requirements, in part, to allow Briseño to have normal contact with his children, visit stores on business, attend church services, and go to movies.

The State asserts the travel restrictions, warrantless search provisions, and sex offender restrictions may help deter future criminal conduct, will enable the supervision officer to monitor Briseño's compliance and rehabilitation, and are authorized by article 42.12 of the Code of Criminal Procedure.

7

*1. Condition 6B*

Briseño complains that, under *Tamez*, condition 6B is too broad and improperly allows the State to violate his Fourth Amendment right to be free from unreasonable searches. *See Tamez*, 534 S.W.2d at 692 (holding the probationer's warrantless search condition "was not reasonable in light of the purposes of Article 42.12"). But *Tamez* is distinguishable. The probationary condition *Tamez* rejected allowed a search of Tamez's person, residence, and vehicle at any time, by any law enforcement officer, for any purpose, and without any individualized suspicion. *Id.* Here, condition 6B subjects Briseño's person, residence, and vehicle to warrantless search, but only within certain hours (for his residence and vehicle), only by *his* supervision officer, only "to determine if [he is] in compliance with the Conditions of Community Supervision," and, arguably, only supported by reasonable suspicion.[3] Moreover, the condition is reasonably related to probationary purposes. *See Lee*, 952 S.W.2d at 900. Permitting a search by his supervision officer—based on reasonable suspicion—of his person, vehicle, and residence can help rehabilitate Briseño in at least two ways. First, knowing his conduct is subject to heightened scrutiny, Briseño may be deterred from any future assault, and second, his supervision officer is better able to monitor his compliance with his conditions. *See McArthur v. State*, 1 S.W.3d 323, 332 (Tex. App.—Fort Worth 1999, pet. ref'd); *Macias*, 649 S.W.2d at 152; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12 sec. 11(a) (Vernon 2006) (allowing reasonable conditions that protect the community or reform the defendant). We hold the court did not abuse its discretion in imposing condition 6B. *See United States v. Knights*, 534 U.S. 112, 119 (2001) (concluding that an even broader search condition applied to a probationer

---

[3] The State's brief does not assert that Briseño could be searched without reasonable suspicion. In fact, the State, citing *Knights* and its reliance on reasonable suspicion to find a warrantless search reasonable, seems to recognize that limitation. *See United States v. Knights*, 534 U.S. 112, 120 n.6 (2001) (electing not to decide whether a search of a probationer under a probation condition but without reasonable suspicion is an unreasonable search).

"would further the two primary goals of probation—rehabilitation and protecting society from future criminal violations"); *McArthur*, 1 S.W.3d at 332 (upholding search conditions similar to those imposed on Briseño).

### 2. Condition 7

Initially, condition 7 restricted Briseño from leaving Webb County without prior permission, but the court substantially relaxed the condition to permit him to continue to operate his business. Clearly, Briseño's otherwise constitutionally protected rights of travel and association are partially restricted by the condition. *See Knights*, 534 U.S. at 119 ("[A] court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."); *Lee*, 952 S.W.2d at 900 (permitting such restrictions). However, the condition serves the purposes of probation by allowing his supervision officer to better monitor his compliance and ensure his rehabilitation without unreasonably restricting his freedoms. *See Macias*, 649 S.W.2d at 152. We cannot say the trial court abused its discretion in imposing condition 7.

### 3. Condition 27

Finally, Briseño objects that condition 27, sections H, I, J, K, and N, should not be imposed because "his [sexual assault] conviction had absolutely nothing to do with children" and the restrictions are not reasonably related to his crime. We disagree. The trial court has broad, though not unlimited, discretion in imposing community supervision conditions. *See Butler*, 189 S.W.3d at 303. A trial court may impose conditions often used for those convicted of assaulting a child on one convicted of assaulting an adult. *Ex parte Alakayi*, 102 S.W.3d 426, 435–36 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (assuming, *arguendo*, the defendant had been convicted for assaulting an adult and, even so, sustaining community supervision conditions

9

preventing the defendant from having contact with *any* minor child including his own two-year-old son whom he had raised from birth). Nevertheless, the trial court heard Briseño's objections and modified the conditions to permit "conduct that is not reasonably related to [Briseño's] future criminality [and] does not serve the statutory ends of probation." *See Lacy*, 875 S.W.2d at 5. As modified, the conditions permit Briseño to: enter premises where minor children are present "for . . . legitimate business purposes" (27H, I), visit stores for some personal and all business purposes (27I), live in his own home (27J, K), and forego displaying a sex offender sign at his business (27N). However, the trial court retained the remaining portions of condition 27. The retained restrictions help protect society and help Briseño reform by requiring him to disclose his intended locations, refrain from non-business trips to certain places, and warn others of his previous criminal conduct. The restrictions may discourage Briseño from a future assault and enable his supervision officer to monitor his rehabilitation. We hold that the modified conditions are "reasonably related to the purposes of probation," *see Lee*, 952 S.W.2d at 900, and are valid, *see Lacy*, 875 S.W.2d at 5.

## CONCLUSION

When examined in the light most favorable to the verdict, the evidence is legally sufficient for the jury to have found beyond a reasonable doubt that Briseño acted without Lettie's consent. Further, the trial court did not abuse its discretion in setting the community supervision conditions. Accordingly, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

PUBLISH

10