IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1998 SESSION


JERRY D. SAULMON,          *      C.C.A. #  01C01-9707-CC-00303

          Appellant,          *      HICKMAN COUNTY

VS.          *      Hon. Henry Denmark Bell, Judge

JACK MORGAN, WARDEN,          *      (Habeas Corpus)

          Appellee.          *


For Appellant:                    For Appellee:

Jerry Dallas Saulmon, pro se      John Knox Walkup
HCCF FA-211                       Attorney General and Reporter
5240 Union Springs Road
Whiteville, TN  38075             Elizabeth B. Marney
                                  Assistant Attorney General
                                  Criminal Justice Division
                                  425 Fifth Avenue North
                                  Nashville, TN  37243-0493


OPINION FILED:_____


AFFIRMED


GARY R. WADE, PRESIDING JUDGE

OPINION

The petitioner, Jerry D. Saulmon, is an inmate in Turney Center in Hickman County. On June 3, 1997, he filed a petition for writ of habeas corpus. Tenn. Code Ann. § 29-21-101, et seq. The trial court denied relief. In this appeal of right, the only issue presented for review is whether the petition was properly dismissed. We affirm the judgment of the trial court.

On or about March 17, 1981, the petitioner was convicted of second degree murder and sentenced to a term of ninety-nine years. A subsequent conviction of jail escape resulted in a consecutive one-year sentence. The conviction for second degree murder was affirmed on direct appeal. State v. Jerry D. Saulmon, No. 81-203-III (Tenn. Crim. App., at Nashville, May 8, 1982). The supreme court denied permission to appeal on July 12, 1982.

Later, a petition for post-conviction relief was denied. This court affirmed on direct appeal. Jerry D. Saulmon v. State, No. 86-128-III (Tenn. Crim. App., at Nashville, Mar. 31, 1987). Application for permission to appeal to the supreme court was denied on June 8, 1987.

In this petition for writ of habeas corpus, the petitioner maintains that the second degree murder conviction is void and that he should be released from custody. The petitioner asserts that the trial judge violated the constitution in the instructions to the jury on the definition of reasonable doubt; he contends that the use of such terms as "moral certainty" and "an inability to let the mind rest easily as to the certainty of guilt" served to relieve the state of its burden to prove guilt beyond a reasonable doubt. See Sullivan v. Louisiana, 113 S. Ct. 2078 (1993); Cage v. Louisiana, 111 S. Ct. 328 (1990).

2

If the petitioner had been found guilty on a standard below that of a reasonable doubt, that would qualify as a constitutional violation and render the judgment voidable. Constitutional violations must be addressed under the Post-Conviction Procedure Act. The petitioner's conviction was final prior to July 1, 1986; therefore, a post-conviction petition had to be filed within three years of that date in order for the petitioner to be eligible for relief. Abston v. State, 749 S.W.2d 487 (Tenn. Crim. App. 1988).

The habeas corpus remedy in this state is limited. The writ may be granted only where a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State, ex rel Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). Habeas corpus has no statutory period of limitations. Yet the petitioner has failed to assert any grounds which would entitle him to habeas corpus relief. Archer v. State, 851 S.W.2d 157 (Tenn. 1993); Potts v. State, 833 S.W.2d 60 (Tenn. 1992). In our view, the trial court properly ruled that relief was not warranted.

When a petitioner attempts to set aside a conviction because of the abridgement of a constitutional right, the Post-Conviction Procedure Act must be utilized. Luttrell v. State, 644 S.W.2d 408 (Tenn. Crim. App. 1982). Habeas corpus is not a viable alternative.

Of equal importance is that the use of the term "moral certainty" in conjunction with the reasonable doubt standard has not been considered as constitutional error so long as the term is not used in connection with other qualifying phrases such as "substantial" or "grave." State v. Hallock, 875 S.W.2d

3

285 (Tenn. Crim. App. 1993); <u>State v. Gary Lee Blank</u>, No. 01C01-9105-CC-00139 (Tenn. Crim. App., at Nashville, Feb. 26, 1992).  In proper context, the instruction utilized in the petitioner's trial did not violate his right to due process.  So, even if the post-conviction remedy had been available, the petitioner would not have been entitled to a favorable judgment.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
David G. Hayes, Judge

_____
Jerry L. Smith, Judge