PD-1016-15

PD-1016-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/6/2015 10:32:15 PM
Accepted 8/11/2015 1:16:53 PM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

## PD-_____-15

### *Ex Parte Julie Ann VonTungeln*

**On Discretionary Review from
No. 10-14-00329-CR
Tenth Court of Appeals, Waco**

**On Appeal From No. F43117-A
18th District Court, Johnson County**

## Motion to Extend Time to File
## Petition for Discretionary Review

**Kristin R. Brown**
**18208 Preston Road**
**Dallas, Texas 75252**
**Phone: 214-446-3909**
**Fax: 214-481-4868**
**kbrown@idefenddfw.com**
**Texas Bar No. 24081458**

**Michael Mowla**
**445 E. FM 1382 No. 3-718**
**Cedar Hill, Texas 75104**
**Phone: 972-795-2401**
**Fax: 972-692-6636**
**michael@mowlalaw.com**
**Texas Bar No. 24048680**

**Attorneys for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

August 11, 2015

ABEL ACOSTA, CLERK

**To the Honorable Justices of the Court of Criminal Appeals:**

Appellant Julie VonTungeln moves for an extension of time of **30 days** to file a petition for discretionary review:

1. On August 6, 2015, in *Ex Parte Julie Von Tungeln*, 10-14-00329-CR, 2015 Tex. App. LEXIS 8247 (Tex. App. Waco, August 6, 2015) (memorandum opinion) the Court of Appeals affirmed the 18th District Court's denial of Appellant's Application for Writ of Habeas Corpus under 11.072. See attached.

2. The petition for discretionary review is due September 5, 2015.

3. For good cause, Appellant asks for an extension of 30 days, until **October 5, 2015,** to file the petition for discretionary review.

4. No previous extension to file the petition for discretionary review has been filed.

5. Appellant relies on the following facts as good cause for the requested extension: undersigned counsel Kristin R. Brown just completed an Appellant's Brief in *Ryder v. State*, 07-15-00003-CR, Seventh Court of Appeals.

6. Further, Ms. Brown has the following briefs, petitions for discretionary review, or other pleadings due soon:

- Appellant's Brief in *Jessica Boyett v. State of Texas*, 6th Court of Appeals, due September 8, 2015.

2

- Appellant's Brief in *James Kirvin v. State of Texas*, 5th Court of Appeals, due August 16, 2015

- Appellant's Brief in *Cathy Lea Bates v. State of Texas*, 5th Court of Appeals, due August 29, 2015.

- Appellant's Brief in *David Fothergill v. State of Texas*, 5th Court of Appeals, due August 28, 2015.

- Appellant's Brief in *David Wayne Cahill v. State of Texas*, 5th Court of Appeals, due September 13, 2015.

- *Ex Parte Michael Carroll*, 3-15-cv-_____, a federal writ under 28 USC 2255, Northern District of Texas, due on October 29, 2015.

7. In addition, Ms. Brown is preparing for oral arguments in *Robert James Gray v. State of Texas* (murder) and *Jeffery Lynn Aday v. State of Texas*, both in front of the Fifth District Court of Appeals on September 23, 2015, and October 14, 2015, respectively.

8. Finally, Ms. Brown will also be out-of-state at continuing legal education in Wyoming from August 21, 2015 to September 3, 2015.

9. Mowla has the following briefs, petitions for discretionary review, or other pleadings due soon:

- *Collins v. State*, 08-15-00103 (murder case), appellant's brief due on August 10, 2015 in the Eighth Court of Appeals

- *Jackson v. State*, 05-15-00414-CR, appellant's brief due on August 10, 2015 in the Fifth Court of Appeals

3

- *Hernandez v. State*, 10-14-00302-CR, reply brief due on August 10, 2015 in the Tenth Court of Appeals

- *Zimmerman v. Harris*, 15-50424, appellant's brief due on August 20, 2015 in the Fifth Circuit

- *Burks v. Price*, 15-40799, appellant's brief due on August 25, 2015 in the Fifth Circuit

- Munoz v. State, 05-15-00158-CR, appellant's brief due on September 12, 2015 in the Fifth Court of Appeals

10. In addition, Mowla continues work on a federal habeas corpus death penalty case, *Jones v. Stephens*, 4:05-CV-638-Y.

11. And, Mowla was recently appointed on a federal death penalty habeas case in *Green v. Director*, 3:15-cv-02197-M-BH.

12. Further, Mowla also continues work on a state habeas corpus death penalty case, *Ex parte Thomas*, F86-85539, in the 194th Judicial District Court. This case is in its investigation stage and requires considerable amount of time.

13. Finally, Mowla continues work on several habeas cases involving the underlying issue in *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

14. This Motion is not filed for purposes of delay, but so that justice may be served.

4

## Prayer

Appellant prays that this motion for extension of time to file the PDR be granted.

Respectfully submitted,

The Law Office of Kristin R. Brown, PLLC
18208 Preston Road
Dallas, Texas 75252
Phone: 214-446-3909
Fax: 214-481-4868
kbrown@idefenddfw.com
Texas Bar No. 24081458
Attorney for Appellant

/s/ **Kristin R. Brown**
By: Kristin R. Brown

Michael Mowla
445 E. FM 1382 No. 3-718
Cedar Hill, Texas 75104
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant

/s/ **Michael Mowla**
By: Michael Mowla

## Certificate of Service

I certify that on August 6, 2015, a true and correct copy of this document was served on David Vernon of the Johnson County District Attorney's Office, Appellate Division, by email to davidv@johnsoncounty.tx.org. and on Lisa McMinn, the State Prosecuting Attorney, by email to Lisa.McMinn@spa.texas.gov, and John Messinger, Assistant State Prosecuting Attorney, by email to john.messinger@spa.state.tx.us. *See* Tex. Rule App. Proc. 9.5 (2015) and 68.11 (2015).

/s/ **Kristin R. Brown**

By: Kristin R. Brown

No *Shepard's* Signal™
As of: August 6, 2015 10:42 PM EDT

# *Ex parte Tungeln*

Court of Appeals of Texas, Tenth District

August 6, 2015, Opinion Filed

No. *10-14-00329-CR*

**Reporter**
2015 Tex. App. LEXIS 8247

EX PARTE JULIE ANN VON TUNGELN

**Notice:** Decision text below is the first available text from the court; it has not been editorially reviewed by LexisNexis. Publisher's editorial review, including Headnotes, Case Summary, Shepard's analysis or any amendments will be added in accordance with LexisNexis editorial guidelines.

## Core Terms

community supervision, probation, pet, trial court, parte, Probationers, terms and conditions, conditions, rights

## Opinion

**[*1]** From the 18th District Court Johnson County, Texas Trial Court No. F43117-A

**MEMORANDUM OPINION**

In 2009, Appellant Julie Ann Von Tungeln pleaded guilty to two counts of sexual assault of a child under a plea bargain that included the following terms: ten years' deferred adjudication community supervision, 180 days in county jail with work release, a $2,000 fine, sex-offender terms and conditions, and standard community supervision terms and conditions. One of the standard terms and conditions of community supervision that Appellant agreed to be subject to is Condition 3: "Avoid association with persons who have criminal records and those of disreputable or harmful character."

Appellant initialed and signed the felony community supervision order, along with signing the "Order of Deferred Adjudication: Community Supervision" and the plea

agreement.

In May of 2013, Appellant (without the trial court's approval) and Steven Alsobrook filed a Formal Declaration and

Registration of Informal Marriage, *seeTEX. FAM. CODEANN. §§ 2.401, 2.402* (West 2006), but they had it immediately annulled when they learned that Alsobrook's divorce was not final. Alsobrook, like Appellant, was also on felony community supervision.1On June 19, 2013, **[*2]** the State filed its First Amended Motion to Proceed with an Adjudication of Guilt; it alleged in part that Appellant violated

Condition 3, "to-wit: on or about May 24, 2013 the defendant married Steven Alsobrook, who has an extensive criminal history and is currently on felony probation for Family

Violence in Dallas County, Texas."2After Appellant agreed to two weeks in jail as a condition of probation for the alleged violations, the State withdrew its motion to adjudicate.

On August 27, 2013, and again without the trial court's approval,3Appellant and Alsobrook filed a second Formal Declaration and Registration of Informal Marriage. After filing several unsuccessful motions to modify her community supervision terms and conditions so that she could associate with Alsobrook, Appellant filed the instant habeas application and raised constitutional complaints about Condition 3's application to her spouse. *SeeTEX. CODECRIM. PROC. ANN. art. 11.072, § 3(c)* (West 2015). The trial

1 Upon learning that Alsobrook had a criminal record, Appellant would have been in violation of Condition

3 by associating with him. *See Gill v. State,593 S.W.2d 697, 698 (Tex. Crim. App. [Panel Op.] 1980).*

2The State also alleged that Appellant had associated with another man with a criminal background over a two-year period. Other **[*3]** alleged violations were: drinking alcohol on two occasions; travelling more than

100 miles without permission; and twice having unsupervised contact with children.

3 Appellant filed a motion to modify *after* the filing of the second Declaration.

Ex parte Von Tungeln Page 2

court entered an order finding that Appellant was manifestly not entitled to relief and denied the habeas application as frivolous. This appeal followed.

Appellant asserts two issues: (1) the trial court abused its discretion and violated

Appellant's constitutional rights because Condition 3 is unconstitutional as applied to Appellant because it violates Appellant's rights to privacy, due process, and equal protection; and (2) the trial court violated Appellant's constitutional rights because Condition 3 is unconstitutional as applied to Appellant because it violates Appellant's

First Amendment right of association. Because the habeas court determined that

Appellant's application was frivolous and that Appellant was manifestly not entitled to relief, we review de novo the habeas court's order. *Ex parte Skelton,434 S.W.3d 709, 717 (Tex. App.-San Antonio 2014, pet. ref'd)*.

An award of community supervision is not a right, but a contractual privilege, and its conditions are terms of the contract entered into between [*4] the trial court and the defendant. *Speth v. State, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999)*. A trial court has broad discretion in determining the conditions to be imposed. *Id. at 533*; *see also Butler v. State, 189 S.W.3d 299, 303 (Tex. Crim. App. 2006)*."The judge may impose any reasonablecondition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." *TEX. CODECRIM. PROC. ANN. art. 42.12, § 11(a)* (West Supp. 2014). One of the statutory conditions that a trial court may include is that the defendant shall: "Avoid persons or places of disreputable or harmful character." *Id.art. 42.12, § 11(a)(3)*. This condition is presumptively reasonable. *SeeMitchell v. State, 420 S.W.3d 448, 450 (Tex. App.-Houston [14th Dist.] 2014, no pet.)*.

Ex parte Von Tungeln Page 3

A condition of probation is invalid if it has all three of the following characteristics:

(1) it has no relationship to the crime;

(2) it relates to conduct that is not in itself criminal; and

(3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation.

*Lacy v. State, 875 S.W.2d 3, 5 (Tex. App.-Tyler 1994, pet. ref'd)* (citationsomitted); *accord Marcum v. State, 983 S.W.2d 762, 768 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd)*. A community supervision "condition is not necessarily invalid simply because it affects [the defendant's] ability to exercise constitutionally protected rights." *Lee v. State, 952 S.W.2d 894, 900 (Tex. App.-Dallas 1997, no pet.)* (en banc). A condition that is "reasonably related to the purposes of probation" is permissible. [*5] *Id.* "Reasonably related" hinges on three factors: "(1) the purposes sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement." *Macias v. State,649 S.W.2d 150, 152 (Tex. App.-El Paso 1983, no pet.)* (quoting *United States v. Tonry, 605 F.2d 144, 150 (5th Cir. 1979)*, *abrogation on other grounds recognized by United States v.Tex. Tech Univ., 171 F.3d 279, 287 (5th Cir. 1999))*;*accord Lee, 952 S.W.2d at900*.

*Briseño v. State, 293 S.W.3d 644, 647-48 (Tex. App.-San Antonio 2009, no pet.)*;*see also Ex*

*parte Alakayi, 102 S.W.3d 426, 432 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd)*.

A probationer has diminished constitutional rights, including a diminished right

to privacy. *In re D.L.C., 124 S.W.3d 354, 365 (Tex. App.-Fort Worth 2003, no pet.)* (citing

*Griffin v. Wisconsin, 483 U.S. 868, 875, 107 S.Ct. 3164, 3169, 97 L.Ed.2d 709 (1987))*.

[R]ehabilitation is [not] the sole goal of probation. A second primary goal of probation is protecting society. *Knights,* 534 U.S. at 119, 122 S.Ct. 587; *see TEX. CODECRIM. PROC. ANN. art. 42.12 sec. 11(a)* (Vernon Supp. 2008) (stating judge may impose any reasonable condition of probation designed to protect the community). Probationers are "more likely than the ordinary citizen to violate the law." *Knights,*534 U.S. at 120, 122 S.Ct. 587; *Griffin,*483

Ex parte Von Tungeln Page 4

U.S. at 880, 107 S.Ct. 3164. ... Probationers therefore "do not enjoy 'the absolute liberty to which every citizen is entitled, but only ... conditional liberty properly dependent

on observation of special [probation] restrictions.' " *Griffin, 483 U.S. at 874, 107 S.Ct. 3164* (quoting *Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972))*. "These restrictions are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large." [*6] *Griffin, 483 U.S. at 875, 107 S.Ct. 3164*.

*Townes v. State, 293 S.W.3d 227, 231 (Tex. App.-San Antonio 2009, no pet.)*.

We agree with the State that the purpose of Condition 3 is to assist Appellant's

rehabilitation and reformation by preventing her from associating with persons with

criminal records and disreputable or harmful character. As quoted above, probationers

are more likely than the ordinary citizen to violate the law, and the State's goal of

protecting society is furthered by preventing felons on community supervision from

associating with each other. *See id.*

Appellant had the burden of proving facts entitling her to the requested relief.

*Alakayi, 102 S.W.3d at 432*. The record shows that Appellant twice began relationships

with men with criminal records, that Appellant twice "married" Alsobrook without court

approval (including once while a motion to adjudicate was pending and after having

been arrested and released on bond), and that Appellant allegedly violated other terms

and conditions. Based on the record, we cannot say that Appellant met her burden, and

we cannot say that the trial court erred or abused its discretion in denying Appellant's

habeas application. *See id. at 432-33* (upholding community-supervision conditions that

restricted defendant's access to his son and also prevented defendant from living with

his wife as long as [*7] she was living with their son, against defendant's constitutional

Ex parte Von Tungeln Page 5

complaint pertaining to his right to association with his family); *see also In re Pate*, No. 12-

11-00406-CV, 2012 WL 1142477 (Tex. App.-Tyler Mar. 30, 2012, orig. proceeding) (mem.

op.) (imprisoned husband did not establish constitutional infirmity of wife's community-

supervision condition that prevents her from communicating with him).

We overrule Appellant's two issues and affirm the trial court's order.

REX D. DAVIS

Justice

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

(Chief Justice Gray dissents with a note)* Affirmed

Opinion delivered and filed August 6, 2015 Do not publish

[CR25]

*(Chief Justice Gray dissents from the opinion and judgment of the Court. A separate opinion will not be issued.)

Ex parte Von Tungeln Page 6