*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# OPINION

No. 04-08-00392-CR

Flanzo Lafont **TOWNES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-6500
Honorable Sid L. Harle, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice
Concurring opinion by: Sandee Bryan Marion, Justice

Sitting:         Sandee Bryan Marion, Justice
                 Steven C. Hilbig, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:   April 22, 2009

AFFIRMED

Flanzo Lafont Townes was indicted for possession of a machine gun. After the trial court

denied Townes's motion to suppress, Townes entered into a plea bargain agreement with the State.

Townes pled no contest and the trial court assessed punishment at five years' confinement, probated

for five years. The trial court granted Townes permission to appeal the ruling on the motion to

suppress. We affirm the trial court's judgment.

## BACKGROUND

Ronald M. Mora, a Bexar County Adult Probation officer, was the only witness to testify at the suppression hearing. Mora testified that on May 1, 2007, he received a call from San Antonio Police Department Detective Earwood. Detective Earwood told Mora he had received information that Townes, a probationer, may have illegal drugs and weapons at his residence. Mora confirmed Townes was on misdemeanor community supervision. One of the conditions of Townes's supervision prohibited him from possessing any contraband, including weapons and illegal drugs. Another probation condition provided:

> You shall consent to search of your person, residence or any vehicle which you operate, occupy or possess at any time by any Bexar County Community Supervision and Corrections Department Supervision Officer, without prior notice or search warrant, to determine if you are in compliance with the conditions of community supervision. Any contraband found to be in your possession will be subject to confiscation.

Mora agreed to do a "probation check" at Townes's residence.

When Mora and Detective Earwood arrived at Townes's residence, owner Wanda Bradley answered the door. Mora testified he explained to Ms. Bradley that Townes was on community supervision and that he and Detective Earwood were requesting permission to conduct a search of the residence for illegal drugs, contraband, or weapons. Ms. Bradley consented to the search, but the officers were unable to search one bedroom because it was locked. Ms. Bradley explained that only Townes had a key to the room, and he was not home.

After the officers completed searching the common areas of the residence, Detective Earwood received information that other SAPD officers had located Townes. SAPD officers brought Townes to Ms. Bradley's house, where he waited with officers in the carport. Although Townes was not handcuffed while he was in the carport, Mora testified Townes was not free to leave the

residence until the officer had concluded his "probation check." Mora testified the following then occurred:

A.    [Probation officer] Well, at that time I went outside, went to the carport and went – – I asked Mr. Townes if he had a key. They brought the key to me and – –

Q.    [Prosecutor] Who is they?

A.    One of the officers, one of the PD officers, had brought the key to me. And I'd asked him about, you know, if there was anything in the room that I needed to be concerned about. And he – – he had informed us that there was a weapon inside a backpack inside the bedroom.

Townes also confirmed to Mora that the room was his bedroom. Mora used the key to unlock the door to the room. During the search of Townes's room, Mora found a disassembled machine gun in a backpack and one of the SAPD officers found a revolver underneath a television stand. When Mora questioned Townes, he took responsibility for the weapons.

After hearing the testimony, the trial court took the matter under advisement, and two days later signed an order denying Townes's motion to suppress.[1] No findings of fact and conclusions of law were requested or made.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress for abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). We will uphold the ruling if it is supported by the record and is correct under any theory of law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000). We view the evidence in the light most favorable to the trial court's

---

[1] The State contends we do not have jurisdiction over this appeal or, alternatively, Townes has waived the issue he raises on appeal because the trial court did not rule on his motion to suppress the evidence seized in the search. We disagree. One of the motions filed by Townes's attorney sought suppression of "all evidence seized as a result of the illegal search and seizure of the Defendant." That motion was denied by a written order after the hearing, but before Townes entered his plea, and the trial court expressly granted Townes permission to appeal the ruling. We therefore have jurisdiction over the appeal and Townes preserved the issue he raises in the appeal. *See* TEX. R. APP. P. 25.2(a)(2), 33.1.

ruling, and when the trial court has not made any findings of fact and neither party timely requested them, we imply the fact findings necessary to support the ruling if such findings are supported by the record. *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006). We "then review[] the trial court's legal ruling *de novo* unless the supported-by-the-record implied fact findings are also dispositive of the legal ruling." *Id.* at 819.

## DISCUSSION

On appeal, Townes contends the trial court erred in denying his motion to suppress because "the evidence was seized without a warrant and the State of Texas failed to demonstrate that a valid exception to the warrant requirement of the Fourth Amendment existed to justify the warrantless search and subsequent seizure of the evidence which formed the sole basis for the appellant's conviction." The State argues Townes consented to the search by accepting the conditions of his probation or, alternatively, that the warrantless search was reasonable because it was supported by reasonable suspicion. Townes contends any consent he gave by agreeing to the terms of probation was effectively coerced and not voluntary, there was no reasonable suspicion justifying the search, the probation condition cannot be relied upon to support the search because it is not reasonably related to the underlying offense (driving with an invalid license), and the search was invalid because it was not conducted for probationary purposes.

Townes first argues the warrantless search of his room cannot be upheld on the ground that he consented to the search by accepting the conditions of probation. Townes relies on *Tamez v. State*, in which the Texas Court of Criminal Appeals held that any consent given by accepting a probation condition that required the probationer to "[s]ubmit his person, place of residence and vehicle to search" at any time by any law enforcement officer was not freely and voluntarily given. 534 S.W.2d

690, 690-92 (Tex. Crim. App. 1976). The court went on to hold that a warrantless search pursuant to the condition violated the probationer's rights under the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution. *Id.* at 692.  The State responds that Townes's reliance on *Tamez* is misplaced in light of the United States Supreme Court's opinion in *U.S. v. Knights*, 534 U.S. 112 (2001).  Because on appeal Townes claims only a violation of the Fourth Amendment, we do not consider whether the  search of Townes's room pursuant to the probation condition comports with the Texas Constitution as interpreted in *Tamez*.[2]

In *Knights*, police investigating an arson conducted a warrantless search of Knights's apartment. 534 U.S. at 115. In the subsequent prosecution for conspiracy to commit arson, Knights sought to suppress the items seized. *Id.* at 116. The State argued the search was authorized by a condition in Knights's probation in an unrelated drug offense. That condition required Knight to "[s]ubmit his . . . person, property, place of residence, vehicle, personal effects, to search at anytime, with or without a search warrant, warrant of arrest or reasonable cause by any probation officer or law enforcement officer." *Id.* at 114.[3]  As in this case, the State argued that Knight's acceptance of the probation condition constituted consent to the search. *Id.* at 118. The Supreme Court concluded it did not need to decide whether Knights waived his Fourth Amendment rights by accepting the probation conditions. *Id.* Instead, the Court upheld the search without a finding of consent, holding that under the totality of the circumstances, "the warrantless search . . ., supported by reasonable

---

[2] Townes challenged the search in the trial court based on the Texas Constitution as well as the United States Constitution.

[3] At trial and on appeal, Townes, the State, and the trial court all treated Townes's probation condition either as waiving his Fourth Amendment rights or as constituting consent to the search.  However, the requirement in Townes's probation that he "shall consent to a search" can be construed as requiring Townes to consent in the future to any request to search by his probation officer. So construed, the State would be required to show Townes gave consent at the time of the search.  Because all the parties treat the condition as conferring consent *ab initio*, we will do likewise.

suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment." *Id.* at 118, 122. We next turn to the issue of whether reasonable suspicion supported the search in this case.

The State contends the information Detective Earwood received that Townes might have drugs and weapons, together with Townes's statement to Mora that he had a machine gun in his backpack, amounted to at least reasonable suspicion. Townes argues the State may not rely on Detective Earwood's information because there is no evidence as to the source or reliability of the information. *See Florida v. J.L.*, 529 U.S. 266, 269 (2000) (holding reasonable suspicion cannot be grounded upon unknown informants of unknown reliability); *but see Griffin v. Wisconsin*, 483 U.S. 868, 871, 889-80 (1987) (upholding warrantless search by probation officer as reasonable based on unsourced information from police officer that probationer might have guns in his apartment). We need not decide that question because Townes's statement to Mora before the search that he had a machine gun in his backpack was sufficient to provide reasonable suspicion that Townes possessed an illegal weapon.[4]

Townes next argues the search violated the Fourth Amendment because the condition of probation that authorized the search was overbroad and did not bear a reasonable relationship to the underlying offense. He contends the condition is invalid because it "would not help to reassure the authorities that he was being rehabilitated and no longer driving with an invalid license." Townes's argument incorrectly assumes that rehabilitation is the sole goal of probation. A second primary goal of probation is protecting society. *Knights*, 534 U.S. at 119; *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 sec. 11(a) (Vernon Supp. 2008) (stating judge may impose any reasonable condition of

---

[4] On appeal, Townes does not challenge the legality of his detention or the admissibility of this statement.

probation designed to protect the community). Probationers are "more likely than the ordinary citizen to violate the law." *Knights*, 534 U.S. at 120; *Griffin*, 483 U.S. at 880. "And probationers have even more of an incentive to conceal their criminal activities and quickly dispose of incriminating evidence than the ordinary criminal because probationers are aware that they may be subject to supervision and face revocation of probation, and possible incarceration, in proceedings in which the trial rights of a jury and proof beyond a reasonable doubt, among other things, do not apply." *Knights*, 534 U.S. at 120. Probationers therefore "do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observation of special [probation] restrictions.'" *Griffin*, 483 U.S. at 874 (quoting *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972)). "These restrictions are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large." *Griffin* 483 U.S. at 875. "These same goals require and justify the exercise of supervision to assure that the restrictions are in fact observed." *Id.* Townes's probation condition required him to consent to warrantless searches to determine whether he is compliance with the terms of his probation. The condition is therefore reasonable and does not violate the Fourth Amendment. *See Knights*, 534 U.S. at 119 (stating it was reasonable for trial judge who sentenced Knights to probation to conclude search condition requiring submission to warrantless search by any law enforcement officer at any time would further goals of probation); *Griffin*, 483 U.S. 868 (upholding warrantless search based on state regulation authorizing any probation officer to conduct warrantless search of a probationer's home if there are reasonable grounds to believe there is contraband).

Lastly, Townes argues "the probationary search condition was used improperly" and the fruits of the search should be suppressed because the search had no probationary purpose and "was

motivated solely by police objectives." We disagree. The conditions of Townes's probation expressly prohibited him from possessing "any contraband . . ., including, . . . illegal weapons, controlled substances or illegal drugs." The search condition authorized a search by any probation officer to determine whether Townes was complying with the conditions of his probation. The evidence at the hearing established the search, conducted by a probation officer, was to determine whether Townes had any illegal drugs or weapons. The State therefore met its burden to establish the search fell within the terms of the probation condition. Whether the primary impetus for the search came from a police officer, as opposed to a probation officer, is not relevant to the analysis. *See Griffin*, 483 U.S. at 871, 889-80 (upholding search by probation officer as reasonable based on unsourced information from police officer that Griffin might have guns in his apartment); *see also Knights*, 534 U.S. at 122 (holding actual subjective motivation of individual officer was not relevant).

## CONCLUSION

Because the search of Townes's room was supported by reasonable suspicion and authorized by a condition of his probation, the search did not violate the Fourth Amendment to the United States Constitution. Accordingly, we overrule Townes's issue and affirm the trial court's judgment.[5]


Steven C. Hilbig, Justice

Publish

---

[5] Based on our holding, we need not consider an alternate ground to uphold the search as does the concurrence. Moreover, we do not agree that the evidence supports a finding that Townes consented to the search. A reviewing court should not rely on defense counsel's failure to present evidence or ask questions as proof of consent. Rather, the burden was on the State of Texas to demonstrate, either by a preponderance of the evidence or by clear and convincing evidence, that Townes voluntarily consented to the search of his room. *See Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000) (noting that "although the federal constitution only requires the State to prove the voluntariness of consent by a preponderance of the evidence, the Texas Constitution requires the State to show by clear and convincing evidence that the consent was freely given).