

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00329-CR

## EX PARTE JULIE ANN VON TUNGELN

**From the 18th District Court
Johnson County, Texas
Trial Court No. F43117-A**

## MEMORANDUM  OPINION

In 2009, Appellant Julie Ann Von Tungeln pleaded guilty to two counts of sexual assault of a child under a plea bargain that included the following terms:  ten years' deferred adjudication community supervision, 180 days in county jail with work release, a $2,000 fine, sex-offender terms and conditions, and standard community supervision terms and conditions.  One of the standard terms and conditions of community supervision that Appellant agreed to be subject to is Condition 3:  "Avoid association with persons who have criminal records and those of disreputable or harmful character." Appellant initialed and signed the felony community supervision order, along with signing the "Order of Deferred Adjudication:  Community Supervision" and the plea

agreement.

In May of 2013, Appellant (without the trial court's approval) and Steven Alsobrook filed a Formal Declaration and Registration of Informal Marriage, *see* TEX. FAM. CODE ANN. §§ 2.401, 2.402 (West 2006), but they had it immediately annulled when they learned that Alsobrook's divorce was not final. Alsobrook, like Appellant, was also on felony community supervision.[1] On June 19, 2013, the State filed its First Amended Motion to Proceed with an Adjudication of Guilt; it alleged in part that Appellant violated Condition 3, "to-wit: on or about May 24, 2013 the defendant married Steven Alsobrook, who has an extensive criminal history and is currently on felony probation for Family Violence in Dallas County, Texas."[2] After Appellant agreed to two weeks in jail as a condition of probation for the alleged violations, the State withdrew its motion to adjudicate.

On August 27, 2013, and again without the trial court's approval,[3] Appellant and Alsobrook filed a second Formal Declaration and Registration of Informal Marriage. After filing several unsuccessful motions to modify her community supervision terms and conditions so that she could associate with Alsobrook, Appellant filed the instant habeas application and raised constitutional complaints about Condition 3's application to her spouse. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 3(c) (West 2015). The trial

---

[1] Upon learning that Alsobrook had a criminal record, Appellant would have been in violation of Condition 3 by associating with him. *See Gill v. State,* 593 S.W.2d 697, 698 (Tex. Crim. App. [Panel Op.] 1980).

[2] The State also alleged that Appellant had associated with another man with a criminal background over a two-year period. Other alleged violations were: drinking alcohol on two occasions; travelling more than 100 miles without permission; and twice having unsupervised contact with children.

[3] Appellant filed a motion to modify *after* the filing of the second Declaration.

court entered an order finding that Appellant was manifestly not entitled to relief and denied the habeas application as frivolous. This appeal followed.

Appellant asserts two issues: (1) the trial court abused its discretion and violated Appellant's constitutional rights because Condition 3 is unconstitutional as applied to Appellant because it violates Appellant's rights to privacy, due process, and equal protection; and (2) the trial court violated Appellant's constitutional rights because Condition 3 is unconstitutional as applied to Appellant because it violates Appellant's First Amendment right of association. Because the habeas court determined that Appellant's application was frivolous and that Appellant was manifestly not entitled to relief, we review de novo the habeas court's order. *Ex parte Skelton*, 434 S.W.3d 709, 717 (Tex. App.—San Antonio 2014, pet. ref'd).

An award of community supervision is not a right, but a contractual privilege, and its conditions are terms of the contract entered into between the trial court and the defendant. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). A trial court has broad discretion in determining the conditions to be imposed. *Id*. at 533; *see also Butler v. State,* 189 S.W.3d 299, 303 (Tex. Crim. App. 2006). "The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (West Supp. 2014). One of the statutory conditions that a trial court may include is that the defendant shall: "Avoid persons or places of disreputable or harmful character." *Id.* art. 42.12, § 11(a)(3). This condition is presumptively reasonable. *See Mitchell v. State,* 420 S.W.3d 448, 450 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

A condition of probation is invalid if it has all three of the following characteristics:

(1) it has no relationship to the crime;

(2) it relates to conduct that is not in itself criminal;  and

(3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation.

*Lacy v. State,* 875 S.W.2d 3, 5 (Tex. App.—Tyler 1994, pet. ref'd) (citations omitted); *accord Marcum v. State,* 983 S.W.2d 762, 768 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).  A community supervision "condition is not necessarily invalid simply because it affects [the defendant's] ability to exercise constitutionally protected rights." *Lee v. State,* 952 S.W.2d 894, 900 (Tex. App.—Dallas 1997, no pet.) (en banc).  A condition that is "reasonably related to the purposes of probation" is permissible. *Id.* "Reasonably related" hinges on three factors:  "(1) the purposes sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement." *Macias v. State*, 649 S.W.2d 150, 152 (Tex. App.—El Paso 1983, no pet.) (quoting *United States v. Tonry,* 605 F.2d 144, 150 (5th Cir. 1979), *abrogation on other grounds recognized by United States v. Tex. Tech Univ.,* 171 F.3d 279, 287 (5th Cir. 1999)); *accord Lee,* 952 S.W.2d at 900.

*Briseño v. State,* 293 S.W.3d 644, 647-48 (Tex. App.—San Antonio 2009, no pet.); *see also Ex parte Alakayi,* 102 S.W.3d 426, 432 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

A probationer has diminished constitutional rights, including a diminished right to privacy. *In re D.L.C.,* 124 S.W.3d 354, 365 (Tex. App.—Fort Worth 2003, no pet.) (citing *Griffin v. Wisconsin,* 483 U.S. 868, 875, 107 S.Ct. 3164, 3169, 97 L.Ed.2d 709 (1987)).

[R]ehabilitation is [not] the sole goal of probation.  A second primary goal of probation is protecting society. *Knights,* 534 U.S. at 119, 122 S.Ct. 587; *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 sec. 11(a) (Vernon Supp. 2008) (stating judge may impose any reasonable condition of probation designed to protect the community).  Probationers are "more likely than the ordinary citizen to violate the law." *Knights,* 534 U.S. at 120, 122 S.Ct. 587; *Griffin,* 483

U.S. at 880, 107 S.Ct. 3164. … Probationers therefore "do not enjoy 'the absolute liberty to which every citizen is entitled, but only … conditional liberty properly dependent on observation of special [probation] restrictions.' " *Griffin,* 483 U.S. at 874, 107 S.Ct. 3164 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). "These restrictions are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large." *Griffin,* 483 U.S. at 875, 107 S.Ct. 3164.

*Townes v. State,* 293 S.W.3d 227, 231 (Tex. App.—San Antonio 2009, no pet.).

We agree with the State that the purpose of Condition 3 is to assist Appellant's rehabilitation and reformation by preventing her from associating with persons with criminal records and disreputable or harmful character. As quoted above, probationers are more likely than the ordinary citizen to violate the law, and the State's goal of protecting society is furthered by preventing felons on community supervision from associating with each other. *See id.*

Appellant had the burden of proving facts entitling her to the requested relief. *Alakayi,* 102 S.W.3d at 432. The record shows that Appellant twice began relationships with men with criminal records, that Appellant twice "married" Alsobrook without court approval (including once while a motion to adjudicate was pending and after having been arrested and released on bond), and that Appellant allegedly violated other terms and conditions. Based on the record, we cannot say that Appellant met her burden, and we cannot say that the trial court erred or abused its discretion in denying Appellant's habeas application. *See id.* at 432-33 (upholding community-supervision conditions that restricted defendant's access to his son and also prevented defendant from living with his wife as long as she was living with their son, against defendant's constitutional

complaint pertaining to his right to association with his family); *see also In re Pate*, No. 12-11-00406-CV, 2012 WL 1142477 (Tex. App.—Tyler Mar. 30, 2012, orig. proceeding) (mem. op.) (imprisoned husband did not establish constitutional infirmity of wife's community-supervision condition that prevents her from communicating with him).

We overrule Appellant's two issues and affirm the trial court's order.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray dissents with a note)*
Affirmed
Opinion delivered and filed August 6, 2015
Do not publish
[CR25]

    *(Chief Justice Gray dissents from the opinion and judgment of the Court. A separate opinion will not be issued.)

