PD-1016-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/7/2015 8:31:25 PM
Accepted 10/8/2015 4:06:22 PM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

## PD-1016-15

## *Ex Parte Julie Ann VonTungeln*

**On Discretionary Review from No. 10-14-00329-CR**
**Tenth Court of Appeals, Waco**

**On Appeal from No. F43117-A**
**18th Judicial District Court, Johnson County**

## Petition for Discretionary Review

**Kristin R. Brown**
**18208 Preston Road**
**Dallas, TX 75252**
**Phone: 214-446-3909**
**Fax: 214-481-4868**
**kbrown@idefenddfw.com**
**Texas Bar No. 24081458**

**Michael Mowla**
**P.O. Box 868**
**Cedar Hill, TX 75106**
**Phone:  972-795-2401**
**Fax:  972-692-6636**
**michael@mowlalaw.com**
**Texas Bar No. 24048680**

**Attorneys for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

October 8, 2015

ABEL ACOSTA, CLERK

## *If the Petition is granted, oral argument is requested*

# I. Identities of Parties, Counsel, and Judges

Julie Ann VonTungeln, Appellant

Kristin R. Brown, Attorney for Appellant during habeas proceeding, on appeal, and on discretionary review

Michael Mowla, Attorney for Appellant on appeal and on discretionary review

Ben Hill Turner, Attorney for Appellant at trial

Dale Hanna, Attorney for State of Texas

David Vernon, Attorney for State of Texas

Kriste Burnett, Attorney for State of Texas

John Neill, Presiding Judge of the 18th Judicial District Court

**II.    Table of Contents**

**I.**    Identities of Parties, Counsel, and Judges ........................................................2

**II.**    Table of Contents..........................................................................................3

**III.**    Index of Authorities......................................................................................5

**IV.**    Appendix Index .............................................................................................7

**V.**    Statement Regarding Oral Argument ...............................................................8

**VI.**    Statement of the Case and Procedural History .................................................9

**VII.**    Grounds for Review ......................................................................................14

**VIII.**    Argument .....................................................................................................15

1.  Ground for Review:  When the constitutionality of a statute is questioned, to overcome the presumption that the legislature did not act unreasonably or arbitrarily, the party challenging the statute must show by a preponderance of the evidence that the statute is unconstitutional. The party must show only that the application of the statute harmed an important governmental interest. Once the party makes this showing, the burden shifts to the Government to show that the challenged application is narrowly tailored to meet a compelling governmental interest and that no less restrictive means are available.

    Appellant met this burden because she proffered evidence that showed by a preponderance of the evidence that: (1) she married her husband; (2) marriage is an important governmental interest; and (3) the government prohibited the free exercise of Appellant's right to privacy in her marital relationship, her right to equal protection under the law, her right to due process under the law, and her right to freely associate with her spouse. And, the State failed to meet its burden of proving that the application of "Condition 3" upon Appellant's marital relationship could survive strict scrutiny analysis.

    As a result, the Court of Appeals erred when it: (1) overruled Appellant's constitutional issues and concluded that Appellant failed to meet her burden; (2) failed to recognize that the State did not meet its burden under the strict scrutiny standard; (3) failed to analyze Appellant's constitutional arguments under the strict scrutiny standard; (4) accepted the State's misfeasance in

its briefing; (5) accepted "mere allegations" offered by the State as proven fact; and (6) failed to find that the trial court abused its discretion in denying Appellant's application. ...............................................15

    **i.** Appellant proved by a preponderance of the evidence that the application of "Condition 3" to Appellant's marital relationship was unconstitutional. ...........................................15

    **ii.** The State did not meet its burden under the strict scrutiny standard to show that the condition, as applied, was narrowly tailored to meet a compelling governmental interest and that no less restrictive means was available. ....................................18

    **iii.** Under the strict scrutiny analysis, the application of "Condition 3" to Appellant's marital relationship is unconstitutional. ................................................................18

    **iv.** In failing to acknowledge the misfeasance of the State in its briefing, the Court of Appeals has impliedly approved of such behavior. ................................................................21

    **v.** Conclusion .................................................................24

**IX.** Conclusion and Prayer...............................................................26

**X.** Certificate of Service .................................................................27

**XI.** Certificate of Compliance with Tex. Rule App. Proc. 9.4 .............................28

## III. Index of Authorities

### Cases

*Aghili v. Banks*, 63 S.W.3d 812 (Tex. App. Houston [14th Dist.] 2001, *pet. denied*) (*op. on reh'g*) ............................................................22

*Bailey v. City of Austin*, 972 S.W.2d 180 (Tex. App. Austin 1998, *pet. den.*) ........................................................................................................17

*Carey v. Population Servs. Int'l,* 431 U.S. 678 (1977) ..............................16

*Dennis v. United States*, 341 U.S. at 494 (1951) ............................... 16, 17

*Ex Parte Julie Ann VonTungeln*, 10-14-00329-CR, 2015 Tex. App. LEXIS 8247 (Tex. App. Waco, August 6, 2015) (Gray, C.J. dissenting) (mem. op., not designated for publication) ....................... 7, 9, 24

*Griswold v. Connecticut*, 381 U.S. 479 (U.S. 1965) ........................ 15, 16

*Hilliard v. Ferguson*, 30 F.3d 649 (5th Cir. 1994) ....................................20

*Macias v. State*, 649 S.W.2d 150 (Tex. App. El Paso 1983, *no pet.*) .......18

*Mauze v. Curry*, 861 S.W.2d 869 (Tex. 1993) ...........................................22

*Planned Parenthood v. Casey*, 505 U.S. 833 (1992) ..................................16

*Southtex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538 (Tex. App. Houston 14th Dist. 2007, *pet. denied*) ..............................................................23

*Tamez v. State*, 534 S.W.2d 686 (Tex. Crim. App. 1976) ..........................19

*United States v. Arce*, 997 F.2d 1123 (5th Cir. 1993) ...............................21

*United States v. Foxworth*, 599 F.2d 1 (1st Cir. 1979) ..............................21

*United States v. O'Brien*, 391 U.S. 367 (1968) ........................................17

*Wells v. Hardy*, 51 S.W. 503 (Tex. Civ. App. Austin 1899) .....................17

*Zablocki v. Redhail*, 434 U.S. 374 (1978) ......................................... 16, 19

### Rules

Tex. Rule App. Proc. 66.3 (2015) ................................................................26

Tex. Rule App. Proc. 68.4 (2015) ......................................................... 8, 14

Tex. Rule App. Proc. 9.4 (2014) ..................................................................28

Tex. Rule App. Proc. 9.5 (2014) ..................................................................27

Tex. Rule Civ. Proc. 166a (2015) ...............................................................23

Tex. Rule Evid. 602 (2015).......................................................................23

## IV.    Appendix Index

**Appendix 1:**  *Ex Parte Julie Ann VonTungeln*, 10-14-00329-CR, 2015 Tex. App. LEXIS 8247 (Tex. App. Waco, August 6, 2015) (Gray, C.J. dissenting) (mem. op., not designated for publication).

## V. Statement Regarding Oral Argument

Should the Court grant this petition, Appellant requests oral argument. *See* Tex. Rule App. Proc. 68.4(c) (2015). The issue presented in this case involves one of first impression dealing with a probationer's right to marry, communicate with, and cohabitate with the person she chooses, and the state's unreasonable interference with that right. Therefore, should this Court determine that its decisional process will be significantly aided by oral argument, Appellant will be honored to present oral argument.

**To the Honorable Judges of the Court of Criminal Appeals:**

Appellant Julie Ann VonTungeln respectfully submits this petition for discretionary review:

## VI.    Statement of the Case and Procedural History

This petition for discretionary review requests that this Court review the judgment and opinion of the Tenth Court of Appeals in *Ex Parte Julie Ann VonTungeln*, 10-14-00329-CR, 2015 Tex. App. LEXIS 8247 (Tex. App. Waco, August 6, 2015) (Gray, C.J. dissenting) (mem. op., not designated for publication). (*See* Appendix 1). This issues presented in this petition appear to be issues of first impression. Appellant is not aware of any other cases where the state has imposed a prohibition on spousal contact as a part of a standard, but vague, condition of probation where: (1) the spouse has no relation to the offense for which the appellant was on probation; (2) the prohibited conduct is not in itself criminal; and (3) the prohibition is not reasonably related to the future criminality of the offender or otherwise serve the statutory ends of probation. Appellant filed an application for writ of habeas corpus asking the trial court to modify "Condition 3" recognizing her marital relationship, and allowing Appellant and her husband to live together and associate as husband and wife, but Appellant's application was summarily denied as "frivolous." The Court of Appeals upheld the imposition of the condition because

Appellant allegedly failed to carry her burden of proof of unconstitutionality, as applied, to a preponderance of the evidence.

The marriage relationship is included within the zone of privacy created by several fundamental constitutional rights. The right to privacy and the right to due process and equal protection under the law are fundamental rights. The right to freely associate is also a fundamental right. Where a fundamental right is impinged, the State has the burden to show that the requirements of strict scrutiny are met.

When the constitutionality of a statute is questioned, a court must presume the legislature has not acted unreasonably or arbitrarily, and—as a result—the party challenging the statute must show by a preponderance of the evidence that the statute is unconstitutional. Appellant met this burden because she proffered evidence that showed by a preponderance of the evidence that: (1) she married her husband; (2) marriage is an important governmental interest; and (3) the government prohibited the free exercise of Appellant's right to privacy in her marital relationship, her right to equal protection under the law, her right to due process under the law, and her right to freely associate with her spouse. And, the State failed to meet its burden of proving that the application of "Condition 3" upon Appellant's marital relationship could survive strict scrutiny analysis. On the other hand, the State failed to prove that the requirements of strict scrutiny were met in the imposition of "Condition 3" upon Appellant's marital relationship.

Yet, in a 2-1 decision—with Chief Justice Gray dissenting without opinion—the Court of Appeals ruled against Appellant—looking not to the issues regarding the constitutionality of "Condition 3" as applied, but instead accepting mere allegations as proven fact, and accepting the misfeasance of the State in not only its probationary practices, but in its briefing to the court.

The procedural history leading up to this petition is that on October 15, 2014, the presiding judge of the 18th District Court, Johnson County, Texas, entered an order denying Applicant's 11.072 Application for Writ of Habeas Corpus as Frivolous. ("Order"). (CR-Supp-2, 5).[1] On September 26, 2014, Appellant filed an *Application for Writ of Habeas Corpus Pursuant to Tex. Code Crim. Proc. art. 11.072.* (CR, 123–203). In the Application and on appeal, Appellant asserted that "Condition 3" of her community supervision is unconstitutional as applied to Appellant because under this condition, the Johnson County District Attorney, through the Johnson County Probation Office, prohibits Appellant from living, or having any contact, with her husband, Steven Alsobrook. (*See id.*).

Appellant is on deferred adjudication community supervision under Cause No. F43117. (*See* CR, 38–40). Her term of community supervision is scheduled to

---

[1] The Clerk's Record consists of one regular and two supplemental volumes. The main volume is cited as "CR" followed by the page number. The two supplemental volumes are cited as "CR-Supp-1" and "CR-Supp-2" followed by the page number. There is no reporter's record.

end on February 26, 2019. *Id.* As required under Texas Code of Criminal Procedure Article 11.072 §3(b), prior to filing the application, Appellant filed a Motion to Modify the Terms and Conditions of Community Supervision requesting relief from the application of "Condition 3" upon her marital relationship. (CR, 72–72; CR, 81–83; CR, 85–104; CR, 108-119). In fact, Appellant filed this motion on four separate occasions. These motions were all summarily denied. (CR, 84; CR, 107).

Appellant's final motion was filed on August 14, 2014. (CR, 108–119). This motion was denied on August 27, 2014. (CR, 122). Appellant then filed her Application for Writ of Habeas Corpus. (CR, 123–203). The trial court denied the Application as frivolous and did not issue findings of fact or conclusions of law. (CR-Supp-2, 5); *see also* Tex. Code Crim. Proc. art 11.072 §7(a) (2015). Appellant appealed, raising two issues:

> 1. The trial court abused its discretion and Appellant's constitutional rights under the Fourteenth Amendment were violated when the trial court denied (as frivolous) Appellant's Application for Writ of Habeas Corpus, which showed that "Condition 3" of Appellant's community supervision is unconstitutional.

> 2. The trial court abused its discretion and violated Appellant's constitutional rights under the First Amendment when it denied (as frivolous) Appellant's Application for Writ of Habeas Corpus, which showed that "Condition 3" of Appellant's community supervision is unconstitutional.

On August 6, 2015, the Court of Appeals overruled both of Appellant's issues finding that: (1) Appellant did not meet her burden of showing by a preponderance

of the evidence that the statute was unconstitutional; (2) based on the record, it could not be said that the trial court erred or abused its discretion in denying Appellant's Application.  This petition for discretionary review follows.

## VII. Grounds for Review

**Ground One:** When the constitutionality of a statute is questioned, to overcome the presumption that the legislature did not act unreasonably or arbitrarily, the party challenging the statute must show by a preponderance of the evidence that the statute is unconstitutional. The party must show only that the application of the statute harmed an important governmental interest. Once the party makes this showing, the burden shifts to the Government to show that the challenged application is narrowly tailored to meet a compelling governmental interest and that no less restrictive means are available.

Appellant met this burden because she proffered evidence that showed by a preponderance of the evidence that: (1) she married her husband; (2) marriage is an important governmental interest; and (3) the government prohibited the free exercise of Appellant's right to privacy in her marital relationship, her right to equal protection under the law, her right to due process under the law, and her right to freely associate with her spouse. And, the State failed to meet its burden of proving that the application of "Condition 3" upon Appellant's marital relationship could survive strict scrutiny analysis.

As a result, the Court of Appeals erred when it: (1) overruled Appellant's constitutional issues and concluded that Appellant failed to meet her burden; (2) failed to recognize that the State did not meet its burden under the strict scrutiny standard; (3) failed to analyze Appellant's constitutional arguments under the strict scrutiny standard; (4) accepted the State's misfeasance in its briefing; (5) accepted "mere allegations" offered by the State as proven fact; and (6) failed to find that the trial court abused its discretion in denying Appellant's application.

Appellee directs this Court's attention to the following parts of the record on appeal:

Clerk's record, pages 33-40, 76-78, 115-119, 123-203.

Supplemental clerk's record, pages 27, 30,

*See* Tex. Rule App. Proc. 68.4(f) (2015).

14

## VIII. Argument

1. <u>Ground for Review</u>:  **When the constitutionality of a statute is questioned, to overcome the presumption that the legislature did not act unreasonably or arbitrarily, the party challenging the statute must show by a preponderance of the evidence that the statute is unconstitutional. The party must show only that the application of the statute harmed an important governmental interest. Once the party makes this showing, the burden shifts to the Government to show that the challenged application is narrowly tailored to meet a compelling governmental interest and that no less restrictive means are available. Appellant met this burden because she proffered evidence that showed by a preponderance of the evidence that: (1) she married her husband; (2) marriage is an important governmental interest; and (3) the government prohibited the free exercise of Appellant's right to privacy in her marital relationship, her right to equal protection under the law, her right to due process under the law, and her right to freely associate with her spouse. And, the State failed to meet its burden of proving that the application of "Condition 3" upon Appellant's marital relationship could survive strict scrutiny analysis. As a result, the Court of Appeals erred when it: (1) overruled Appellant's constitutional issues and concluded that Appellant failed to meet her burden; (2) failed to recognize that the State did not meet its burden under the strict scrutiny standard; (3) failed to analyze Appellant's constitutional arguments under the strict scrutiny standard; (4) accepted the State's misfeasance in its briefing; (5) accepted "mere allegations" offered by the State as proven fact; and (6) failed to find that the trial court abused its discretion in denying Appellant's application.**

    i.  **Appellant proved by a preponderance of the evidence that the application of "Condition 3" to Appellant's marital relationship was unconstitutional.**

The marriage relationship "lies within the zone of privacy created by several fundamental constitutional rights."  *Griswold v. Connecticut*, 381 U.S. 479, 484 (U.S. 1965). To establish a constitutional claim, one must show by a preponderance of the evidence that the condition itself or the application of the condition has harmed an important governmental interest.  *See Dennis v. United States*, 341 U.S. 494, 495-

511 (1951). Where a fundamental right is impinged by the Government, the Government has the burden to show a *compelling government interest* and must show that the condition imposed is *narrowly tailored to meet that interest*, such that *no less restrictive means are available*. *Zablocki v. Redhail*, 434 U.S. 374, 388 (1978) (emphasis supplied). This is the strict scrutiny standard. *Id.*

"It is clear that among the decisions that an individual may make without unjustified government interference are personal decisions relating to marriage, procreation, contraception, family relationships, and child rearing and education.'" *Planned Parenthood v. Casey*, 505 U.S. 833, 859 (1992) *citing Carey v. Population Servs. Int'l,* 431 U.S. 678, 684-685 (1977). "These matters, involving the most intimate and personal choices a person may make in a lifetime, choices central to personal dignity and autonomy, are central to the liberty protected by the Fourteenth Amendment." *Casey*, 505 U.S. at 851. In *Griswold*, the Supreme Court stated:

> "We deal with a right of privacy older than the Bill of Rights—older than our political parties, older than our school system. Marriage is a coming together for better or worse, hopefully enduring, and *intimate to the degree of being sacred*. It is an association that promotes a way of life, not causes; a harmony in living, not political faiths; a bilateral loyalty, not commercial or social projects. Yet it is an association for as noble a purpose as any involved in our prior decisions."

*Griswold*, 381 U.S. at 486 (emphasis supplied).

In this case, Appellant proved by a preponderance of the evidence that the application of "Condition 3" upon her marital relationship harmed an important

16

governmental interest and is, therefore, unconstitutional. With her Application, Appellant attached as an exhibit a certified copy of the Recognition of Informal Marriage. (CR, 115).

Marriage is an important governmental interest, especially in Texas, where the courts have long held that the right to marry is fundamental. *See Wells v. Hardy*, 51 S.W. 503, 505 (Tex. Civ. App. Austin 1899); *Bailey v. City of Austin*, 972 S.W.2d 180, 189 (Tex. App. Austin 1998, *pet. den.*) (the state has a legitimate interest in recognizing the marriage relationship because an individual's right to marriage is of fundamental importance).

As stated above, strict scrutiny consists of a determination of whether a substantial government interest justifies the harm to fundamental rights or liberty interests as follows: first, the court inquires whether on the particular facts of the case the behavior of the challenger actually harmed an important government interest and whether preventing that harm justified the injury. *See Dennis v. United States*, 341 U.S. at 495-511. That is, can the challenger overcome the presumption that the government acted in a constitutional manner? If so, the court inquires whether the challenged government action furthers a compelling interest unrelated to the suppression of a fundamental right and whether there is no less restrictive alternative to the action. *Id.*, *See United States v. O'Brien*, 391 U.S. 367, 377 (1968).

ii. **The State did not meet its burden under the strict scrutiny standard to show that the condition, as applied, was narrowly tailored to meet a compelling governmental interest and that no less restrictive means was available.**

Once Appellant met her burden (which she did upon the filing of her Application for Writ of Habeas Corpus), the burden switched to the State to show that the requirements of strict scrutiny were met. However, the State, in its brief (and in its response to Appellant's application), failed to even attempt to meet these requirements, wholly ignoring the Constitutional issues. *See State's Brief.* Instead, the State submitted an affidavit by one of its prosecutors that contain unsubstantiated allegations (see below). And the trial court simply signed the order presented to it by the State.

iii. **Under the strict scrutiny analysis, the application of "Condition 3" to Appellant's marital relationship is unconstitutional.**

Appellant recognizes that those on community supervision are subject to limitations from which ordinary citizens are free. *See Macias v. State*, 649 S.W.2d 150, 152 (Tex. App. El Paso 1983, *no pet.*). Still, a restriction upon a probationer's otherwise inviolable constitutional rights is justified only to the extent actually necessitated by the legitimate demands of the probation process. *Macias*, 649 S.W.2d at 152. Proper probationary conditions are those that contribute significantly both to the rehabilitation of the convicted person and to the protection of society, so a condition is invalid if it: (1) has no relationship to the crime of which the offender

was convicted, (2) relates to conduct that is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality of the offender or does not serve the statutory ends of probation. *Tamez v. State*, 534 S.W.2d 686, 691-692 (Tex. Crim. App. 1976) (Conditions of probation that the appellant cannot change his marital status without permission and that he maintain his hair in a "neat manner" were not supportable and exceeded the limitation of the trial court's discretion to impose reasonable conditions of probation).

In the case before this Court, merely because Appellant and her husband belong to a particular class of residents (probationers), Appellant is being denied her right to live with her husband as husband and wife, which is a right clearly encompassed within the fundamental right to marry. Requiring a probationer to meet the statute's requirement of not marrying another probationer because all probationers are purportedly of "disreputable or harmful character" falls squarely within the *Zablocki* court's meaning of a "serious intrusion" into the probationer's "freedom of choice in an area which we have held such freedom to be fundamental." And—as applied to Appellant's marital relationship—"Condition 3": (1) has no relationship to the crime of which Appellant was convicted, (2) relates to conduct that is not in itself criminal, and (3) requires or forbids conduct that is not reasonably related to the future criminality of Appellant, and does not serve the statutory ends of probation. *Tamez*, 534 S.W.2d at 691-692.

19

Appellant also notes that marriage represents a compelling state test because it promotes stability, promotes the reasonable expectations of the parties, and also promotes the physical and emotional health of the parties. These factors are important to an person's quality of life regardless of whether the person is under community supervision. Thus, under the strict scrutiny analysis, marriage and its incidental rights such as the right to cohabitate with one's spouse should be allowed for all who seek it because it contributes to a person's well-being as well as the stability of society.

Appellant further notes that she seeks a strict scrutiny analysis not as a "felon" but as a citizen who happens to be on community supervision. Unlike the plaintiff in *Hilliard v. Ferguson*, 30 F.3d 649 (5th Cir. 1994), who sued under 42 U.S.C. § 1983 and argued that a school board and its superintendent allegedly violated his rights under the Fourteenth Amendment because he was denied employment because he was a convicted felon, Appellant does not argue that as a "felon," she is entitled to the right to marry. First, there is no "right" to obtain certain employment. Second, it is settled that felons are not a suspect constitutional class, and the rational basis standard to discrimination may be applied against felons. *Id*. at 654. Further, the policy of the school board in *Hilliard* of not hiring felons bore a rational relationship to a legitimate end, which was providing a high degree of educational services and a safe environment.

Nor is this a situation such as jury duty. Many courts have recognized the government's legitimate interest in protecting the "probity of juries" as a rational basis in the Equal-Protection context for excluding felons from juries. *United States v. Arce*, 997 F.2d 1123, 1127 (5th Cir. 1993) (Rational basis review of Equal Protection Clause claim of discrimination against felons used where the district court struck a venireperson who had a prior conviction for heroin possession). *See also United States v. Foxworth*, 599 F.2d 1, 4 (1st Cir. 1979) (The process of excluding felons from jury duty "is intended to assure the 'probity' of the jury," and such review must be rationally based).

Appellant seeks neither a job nor the opportunity at this time to serve on a jury. She simply wants to live with and communicate her husband. There is no rational reason for the State to deny Appellant these rights.

### iv. In failing to acknowledge the misfeasance of the State in its briefing, the Court of Appeals has impliedly approved of such behavior.

As part of its *Respondent's Original Answer to Appellant's Application for Writ of Habeas Corpus*, the State tendered an affidavit sworn to and signed by Brett Huffman, an assistant district attorney for Johnson County. (CR-Supp-1, 24-28). Through the creation and swearing to of this document, Huffman implies that he has personal knowledge of the facts sworn to. Huffman made himself a witness in this matter. Huffman, however, remained an advocate for the government, and, in fact,

21

was the author of the State's Brief before the court of appeals. This dual role violates Texas Disciplinary Rules of Professional Conduct Rule 3.08.

Huffman used the affidavit he created for the purpose of manufacturing an appellate record to establish 24 of the 29 footnoted "facts" alleged in the State's four-page statement of facts. *See* Appellee's Brief at p. 2–5. Only FN 11, 13, 14, 22, and 23 referred to actual evidence presented to the trial court. Footnotes 6–12, 15–21, and 24–29 are all citations to Huffman's affidavit.

If the "lawyer's testimony concerns a controversial or contested matter, combining the roles of advocate and witness can unfairly prejudice the opposing party." Tex. Disciplinary Rules Prof. Conduct R. 3.08, at cmt. 4 (2014). The appearance of a testifying advocate tends to cast doubt on the ethics and propriety of the judicial system. *Aghili v. Banks*, 63 S.W.3d 812, 818 (Tex. App. Houston [14th Dist.] 2001, *pet. denied*) (*op. on reh'g*). When an attorney who represents a party is an affiant in support of a brief, he is a witness. *See Mauze v. Curry*, 861 S.W.2d 869, 870 (Tex. 1993). Appellant never had an opportunity to rebut or cross-examine Huffman so that the court of appeals and this Court would know that these attested-to facts were never proven in court.

As the State has not shown that any of the five exceptions found within Rule 3.08 apply, Huffman is an inappropriate person to present any facts in this matter. *See Southtex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538 (Tex. App. Houston 14th

Dist. 2007, *pet. denied*).  Additionally, even if this Court were to find that one of the exceptions of Rule 3.08 applied, Appellant argues that the affidavit fails because it contains inadmissible hearsay and conclusory remarks, and it wholly fails to establish that. Huffman did not establish that he has *any* personal knowledge of the facts alleged.  Texas Rule of Evidence 602 and Texas Rule of Civil Procedure 166a(f) require that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein".  *See* Tex. Rule Evid. 602 (2015) & Tex. Rule Civ. Proc. 166a(f) (2015).

Finally, the State's tactics in distracting the Court of Appeals from the fundamental constitutional issue at hand by engaging in an unsubstantiated smear campaign based on facts never presented to the trial court against Appellant and her husband through the offering of incompetent and false "testimony" serve only as further evidence of the intrusion by the State into Appellant's fundamental right to marry and live with her spouse.  Huffman claimed as fact unsubstantiated allegations that were made against Mr. Alsobrook that Huffman knew or should have known were found unfounded.  Further, similar claims against Appellant are also made in Huffman's affidavit.  These claims are unsubstantiated and were never presented to a court of law, never found to be true, and therefore are **not fact** that the Court of Appeals should have accepted.

However, without comment, the Court of Appeals accepted this misfeasance. Huffman's affidavit was not competent evidence, and Appellant argues that the affidavit should have not been considered. Yet, the Court of Appeals accepted the mere allegations of the State as fact when they stated in their opinion that "[T]he record shows that Appellant twice began relationships with men with criminal records." *Ex Parte Tungeln*, *id*. at \*6.

Even with this "affidavit" submitted by Huffman, the State failed to meet its constitutional burden. In its brief to the Court of Appeals, the State presented no legal foundation for their actions. Nor did the State present any argument to make as to how this Condition 3 is constitutional given the law on the subject matter. There is no evidence that allowing Appellant and her husband to live together as husband and wife presents a danger to: (1) the community, the complaining witness in Appellant's case, (3) to Appellant, or (4) to Appellant's husband. Such an unconstitutional restriction does not serve the statutory ends of community supervision.

### v.  Conclusion

When the constitutionality of a statute is questioned, to overcome the presumption that the legislature did not act unreasonably or arbitrarily, the party challenging the statute must show by a preponderance of the evidence that the statute is unconstitutional. The party must show only that the application of the statute

24

harmed an important governmental interest. Once the party makes this showing, the burden shifts to the Government to show that the challenged application is narrowly tailored to meet a compelling governmental interest and that no less restrictive means are available. Appellant met this burden because she proffered evidence that showed by a preponderance of the evidence that: (1) she married her husband; (2) marriage is an important governmental interest; and (3) the government prohibited the free exercise of Appellant's right to privacy in her marital relationship, her right to equal protection under the law, her right to due process under the law, and her right to freely associate with her spouse. And, the State failed to meet its burden of proving that the application of "Condition 3" upon Appellant's marital relationship could survive strict scrutiny analysis. As a result, the Court of Appeals erred when it: (1) overruled Appellant's constitutional issues and concluded that Appellant failed to meet her burden; (2) failed to recognize that the State did not meet its burden under the strict scrutiny standard; (3) failed to analyze Appellant's constitutional arguments under the strict scrutiny standard; (4) accepted the State's misfeasance in its briefing; (5) accepted "mere allegations" offered by the State as proven fact; and (6) failed to find that the trial court abused its discretion in denying Appellant's application.

As a result, the Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal

25

Appeals; the Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States; the Court of Appeals misconstrued a rule; and the justices of the Court of Appeals have disagreed on a material question of law necessary to the court's decision. *See* Tex. Rule App. Proc. 66.3 (2015). Appellant asks this Court to grant discretionary review.

## IX. Conclusion and Prayer

For the reasons stated in this petition, Appellant respectfully prays that this Court: grant discretionary review; reverse the judgment and opinion of the Tenth Court of Appeals; find that as applied to Appellant's marital relationship, "Condition 3" violates Appellant's rights under the federal and state constitutions; reform the conditions of probation by removing Appellant's husband from the limitations of "Condition 3;" and allow Appellant and her husband to freely live together as husband and wife.

**Respectfully submitted**,

THE LAW OFFICE OF KRISTIN R. BROWN, PLLC

18208 Preston Road
Dallas, TX 75252
Phone: 214-446-3909
Fax: 214-481-4868
kbrown@idefenddfw.com
Texas Bar No. 24081458

26

**/s/ Kristin R. Brown**

By: Kristin R. Brown

Michael Mowla
P.O. Box 868
Cedar Hill, TX 75106
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680

**/s/ Michael Mowla**

By: Michael Mowla

## X. Certificate of Service

This certifies that on the date of filing, a copy of this document was served on Brent Huffman of the Johnson County District Attorney's Office, 204 S. Buffalo Ave., Cleburne, Texas 76033, by email to brenth@johnsoncountytx.org; on David Vernon of the Johnson County District Attorney's Office Appellate Division by email to davidv@johnsoncounty.tx.org; on Lisa McMinn, the State Prosecuting Attorney by email to Lisa.McMinn@spa.texas.gov; and on John Messinger, Assistant State Prosecuting Attorney by email to john.messinger@spa.state.tx.us. *See* Tex. Rule App. Proc. 9.5 (2015) and Tex. Rule App. Proc. 68.11 (2015).

**/s/ Kristin R. Brown**

By: Kristin R. Brown

## XI.   Certificate of Compliance with Tex. Rule App. Proc. 9.4

This certifies that this document complies with the type-volume limitations because it is computer-generated and does not exceed 4,500 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 3,327 words in the entire document *except* in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented (grounds for review section), statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point font. *See* Tex. Rule App. Proc. 9.4 (2015).

**/s/ Kristin R. Brown**
By: Kristin R. Brown

# APPENDIX 1

# *Ex parte Tungeln*

Court of Appeals of Texas, Tenth District

August 6, 2015, Opinion Filed

No. 10-14-00329-CR

**Reporter**
2015 Tex. App. LEXIS 8247

EX PARTE JULIE ANN VON TUNGELN

**Notice:** Decision text below is the first available text from the court; it has not been editorially reviewed by LexisNexis. Publisher's editorial review, including Headnotes, Case Summary, Shepard's analysis or any amendments will be added in accordance with LexisNexis editorial guidelines.

## Core Terms

community supervision, probation, pet, trial court, parte, Probationers, terms and conditions, conditions, rights

## Opinion

 **[\*1]**  From the 18th District Court Johnson County, Texas Trial Court No. F43117-A

**MEMORANDUM OPINION**

In 2009, Appellant Julie Ann Von Tungeln pleaded guilty to two counts of sexual assault of a child under a plea bargain that included the following terms: ten years' deferred adjudication community supervision, 180 days in county jail with work release, a $2,000 fine, sex-offender terms and conditions, and standard community supervision terms and conditions. One of the standard terms and conditions of community supervision that Appellant agreed to be subject to is Condition 3: ″Avoid association with persons who have criminal records and those of disreputable or harmful character.″

Appellant initialed and signed the felony community supervision order, along with signing the ″Order of Deferred Adjudication: Community Supervision″ and the plea

agreement.

In May of 2013, Appellant (without the trial court's approval) and Steven Alsobrook filed a Formal Declaration and Registration of Informal Marriage, *see*TEX. FAM. CODEANN. §§ 2.401, 2.402 (West 2006), but they had it immediately annulled when they learned that Alsobrook's divorce was not final. Alsobrook, like Appellant, was also on felony community supervision.1On June 19, 2013, **[\*2]**  the State filed its First Amended Motion to Proceed with an Adjudication of Guilt; it alleged in part that Appellant violated

Condition 3, "to-wit: on or about May 24, 2013 the defendant married Steven Alsobrook, who has an extensive criminal history and is currently on felony probation for Family

Violence in Dallas County, Texas."2After Appellant agreed to two weeks in jail as a condition of probation for the alleged violations, the State withdrew its motion to adjudicate.

On August 27, 2013, and again without the trial court's approval,3Appellant and Alsobrook filed a second Formal Declaration and Registration of Informal Marriage. After filing several unsuccessful motions to modify her community supervision terms and conditions so that she could associate with Alsobrook, Appellant filed the instant habeas application and raised constitutional complaints about Condition 3's application to her spouse. *See*TEX. CODECRIM. PROC. ANN. art. 11.072, § 3(c) (West 2015). The trial

1 Upon learning that Alsobrook had a criminal record, Appellant would have been in violation of Condition

3 by associating with him. *See* Gill v. State,593 S.W.2d 697, 698 (Tex. Crim. App. [Panel Op.] 1980).

2The State also alleged that Appellant had associated with another man with a criminal background over a two-year period. Other **[*3]** alleged violations were: drinking alcohol on two occasions; travelling more than

100 miles without permission; and twice having unsupervised contact with children.

3 Appellant filed a motion to modify *after* the filing of the second Declaration.

Ex parte Von Tungeln Page 2

court entered an order finding that Appellant was manifestly not entitled to relief and denied the habeas application as frivolous. This appeal followed.

Appellant asserts two issues: (1) the trial court abused its discretion and violated

Appellant's constitutional rights because Condition 3 is unconstitutional as applied to Appellant because it violates Appellant's rights to privacy, due process, and equal protection; and (2) the trial court violated Appellant's constitutional rights because Condition 3 is unconstitutional as applied to Appellant because it violates Appellant's

First Amendment right of association. Because the habeas court determined that

Appellant's application was frivolous and that Appellant was manifestly not entitled to relief, we review de novo the habeas court's order. *Ex parte Skelton,*434 S.W.3d 709, 717 (Tex. App.-San Antonio 2014, pet. ref'd).

An award of community supervision is not a right, but a contractual privilege, and its conditions are terms of the contract entered into between **[*4]** the trial court and the defendant. *Speth v. State, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999)*. A trial court has broad discretion in determining the conditions to be imposed. *Id. at 533*; *see also* Butler v. State, 189 S.W.3d 299, 303 (Tex. Crim. App. 2006)."The judge may impose any reasonablecondition that is designed to protect or restore the community, protect

or restore the victim, or punish, rehabilitate, or reform the defendant." *TEX. CODECRIM. PROC. ANN. art. 42.12, § 11(a)* (West Supp. 2014). One of the statutory conditions that a trial court may include is that the defendant shall: "Avoid persons or places of disreputable or harmful character." *Id.art. 42.12, § 11(a)(3)*. This condition is presumptively reasonable. *SeeMitchell v. State, 420 S.W.3d 448, 450 (Tex. App.-Houston [14th Dist.] 2014, no pet.)*.

Ex parte Von Tungeln Page 3

A condition of probation is invalid if it has all three of the following characteristics:

(1) it has no relationship to the crime;

(2) it relates to conduct that is not in itself criminal; and

(3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation.

*Lacy v. State, 875 S.W.2d 3, 5 (Tex. App.-Tyler 1994, pet. ref'd)* (citationsomitted); *accord Marcum v. State, 983 S.W.2d 762, 768 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd)*. A community supervision "condition is not necessarily invalid simply because it affects [the defendant's] ability to exercise constitutionally protected rights." *Lee v. State, 952 S.W.2d 894, 900 (Tex. App.-Dallas 1997, no pet.)* (en banc). A condition that is "reasonably related to the purposes of probation" is permissible. **[*5]** *Id.* "Reasonably related" hinges on three factors: "(1) the purposes sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement." *Macias v. State,649 S.W.2d 150, 152 (Tex. App.-El Paso 1983, no pet.)* (quoting *United States v. Tonry, 605 F.2d 144, 150 (5th Cir. 1979)*, *abrogation on other grounds recognized by United States v.Tex. Tech Univ., 171 F.3d 279, 287 (5th Cir. 1999))*;*accord Lee, 952 S.W.2d at900*.

*Briseño v. State, 293 S.W.3d 644, 647-48 (Tex. App.-San Antonio 2009, no pet.)*;*see also Ex*

*parte Alakayi, 102 S.W.3d 426, 432 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd)*.

A probationer has diminished constitutional rights, including a diminished right

to privacy. *In re D.L.C., 124 S.W.3d 354, 365 (Tex. App.-Fort Worth 2003, no pet.)* (citing

*Griffin v. Wisconsin, 483 U.S. 868, 875, 107 S.Ct. 3164, 3169, 97 L.Ed.2d 709 (1987))*.

[R]ehabilitation is [not] the sole goal of probation. A second primary goal of probation is protecting society. *Knights,* 534 U.S. at 119, 122 S.Ct. 587; *see TEX. CODECRIM. PROC. ANN. art. 42.12 sec. 11(a)* (Vernon Supp. 2008) (stating judge may impose any reasonable condition of probation designed to protect the community). Probationers are "more likely than the ordinary citizen to violate the law." *Knights,*534 U.S. at 120, 122 S.Ct. 587; *Griffin,*483

Ex parte Von Tungeln Page 4

U.S. at 880, 107 S.Ct. 3164. … Probationers therefore "do not enjoy 'the absolute liberty to which every citizen is entitled, but only ... conditional liberty properly dependent on observation of special

[probation] restrictions.' " *Griffin,483 U.S. at 874, 107 S.Ct. 3164* (quoting *Morrissey v.Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972))*."Theserestrictions are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large." **[\*6]** *Griffin, 483 U.S. at 875, 107 S.Ct. 3164*.

*Townes v. State, 293 S.W.3d 227, 231 (Tex. App.-San Antonio 2009, no pet.)*.

We agree with the State that the purpose of Condition 3 is to assist Appellant's rehabilitation and reformation by preventing her from associating with persons with criminal records and disreputable or harmful character. As quoted above, probationers are more likely than the ordinary citizen to violate the law, and the State's goal of protecting society is furthered by preventing felons on community supervision from associating with each other. *See id.*

Appellant had the burden of proving facts entitling her to the requested relief. *Alakayi, 102 S.W.3d at 432*. The record shows that Appellant twice began relationships with men with criminal records, that Appellant twice "married" Alsobrook without court approval (including once while a motion to adjudicate was pending and after having been arrested and released on bond), and that Appellant allegedly violated other terms and conditions. Based on the record, we cannot say that Appellant met her burden, and we cannot say that the trial court erred or abused its discretion in denying Appellant's habeas application. *See id.at 432-33* (upholding community-supervision conditions that restricted defendant's access to his son and also prevented defendant from living with his wife as long as **[\*7]** she was living with their son, against defendant's constitutional Ex parte Von Tungeln Page 5 complaint pertaining to his right to association with his family); *see also In re Pate,* No. 12-11-00406-CV, 2012 WL 1142477 (Tex. App.-Tyler Mar. 30, 2012, orig. proceeding) (mem. op.) (imprisoned husband did not establish constitutional infirmity of wife's community-supervision condition that prevents her from communicating with him).

We overrule Appellant's two issues and affirm the trial court's order.

REX D. DAVIS

Justice

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

(Chief Justice Gray dissents with a note)* Affirmed

Opinion delivered and filed August 6, 2015 Do not publish

[CR25]

*(Chief Justice Gray dissents from the opinion and judgment of the Court. A separate opinion will not be issued.)

Ex parte Von Tungeln Page 6